No. 36,329

G. W. FROGGE, *Appellee*, v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant*.

(157 P. 2d 537)

Opinion filed April 7, 1945.

*J. O. Emerson* of Kansas City, argued the cause, and *Fred Robertson* and *Edward M. Boddington*, both of Kansas City, and *Charles L. Carr*, of Kansas City, Mo., were on the briefs for the appellant.

*Joseph Cohen*, of Kansas City, argued the cause, and *David H. Bresler*, of Kansas City, Mo., was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: The plaintiff, engaged in the business of transporting gasoline, sought to recover damages from a streetcar company for the loss of a truck and trailer destroyed by fire following collision with a streetcar. The defendant appeals from an order overruling a motion to strike and to make definite and certain, and a demurrer to the petition. The primary question is whether the petition stated a cause of action.

Summarized, the allegations of the amended petition were that on the early afternoon of May 24, 1944, the driver of a tractor and semitrailer outfit, hereinafter called a motor unit, owned by the plaintiff, while driving eastward on Kansas avenue in Kansas City, Kan., "attempted to cross from the south side of Kansas avenue and to cross the said streetcar tracks for the purpose of entering said port of entry" (located near the northwest corner of the intersection of Kansas avenue and Second street), "at a point about one hundred fifty feet west of the said Second street, that while crossing said streetcar tracks at said point and at said time" defendant's streetcar traveling westward ran into the rear end of the tractor, broke the spouts from the gasoline tank, releasing the gasoline, with resulting fire, which "happened within less than five minutes thereafter" and which completely destroyed the motor unit, at a loss to plaintiff of five thousand dollars; that the collision and loss were caused by the defendant's negligence in (a) failing to stop the streetcar or slacken its speed in time to avoid hitting the motor unit; (b) failing to keep a "sharp lookout" for other vehicles on Kansas avenue, and particularly plaintiff's motor unit "which was crossing in front thereof"; (c) driving the streetcar "at a high and dangerous rate of speed, to wit, between thirty and forty miles an hour, considering the condition of the street and the traffic hazards involved"; (d) failure to have adequate brakes and failure to apply them; (e) failure and neglect "to stop or slacken the speed of said streetcar when they saw, or by the exercise of reasonable care and diligence, could and should have seen *plaintiff's truck-trailer unit crossing in front of the said streetcar in such proximity that an accident and collision would occur unless they did so,* and when by so doing they could have avoided said collision." (Italics supplied.)

Against this petition the defendant leveled a motion to dismiss, to

strike, and to make definite and certain, which was successfully resisted by the plaintiff. It is not necessary to set out the motion in full. We think it may be fairly summarized by saying that the plaintiff was asked to state definitely the facts which he claimed showed that the collision caused the gasoline to ignite and which indicated in what way any act of the defendant or its employee, the motorman, caused the gasoline to ignite; to state whether by the exercise of reasonable care the motorman *could* have stopped or slackened the speed of the streetcar in time to avoid the collision after he knew or "should have known that the plaintiff's vehicle was about to cross in front of the streetcar"; to state whether by keeping "a sharp lookout" the motorman *could* have seen the plaintiff's vehicle attempting to cross the tracks in time to avoid the accident; to state whether the speed of the streetcar was such that by reasonable care the motorman *could* have slackened it sufficiently to avoid the collision after the danger became apparent to him; to state specifically what "the condition of the street and the traffic hazards" were as referred to in the petition; as to the charge of inadequate brakes, to state whether by having adequate brakes and using them the motorman *could* have avoided the collision after the danger of collision was apparent; and that "the plaintiff be required *to state distinctly whether the plaintiff was negligent in driving the truck and trailer in front of the streetcar,* whether the plaintiff's negligence, if any, in driving in front of the streetcar ceased before the collision, and whether the plaintiff's vehicle was in a position from which its driver could by the exercise of reasonable care after he started to cross the streetcar tracks have extricated the vehicle from danger or gotten out of the way by speeding his vehicle up, for the reason that *this allegation of negligence is wholly insufficient as a charge of last clear chance* unless the matters above alleged are set forth distinctly, and because as an allegation of liability under the doctrine of last clear chance this claim of negligence is a mere conclusion, vague and indefinite" (italics supplied); to elect whether he would rely on the allegations of failure to stop, to slacken speed, and to keep a sharp lookout, or upon the allegations of excessive speed and inadequate brakes.

The motion being overruled, the defendant interposed a lengthy demurrer to the petition which we need not incorporate in full. The grounds asserted in the motion to strike and to make definite and certain were repeated. We take special note of the fact that in the

demurrer the defendant also asserted that the petition showed that the plaintiff was guilty of contributory negligence and again stressed the point that by the language indicated in specification of negligence (e), *supra,* the plaintiff apparently had sought to invoke the doctrine of "last clear chance" while at the same time successfully resisting the motion to require him to admit his own initial negligence or allege other elements essential to the application of the doctrine.

Appellant invokes the well-established rule that when a timely motion to make definite and certain has been successfully resisted by the pleader, the pertinent provisions of the pleading are to be strictly construed when subsequently tested by demurrer. (*Lofland v. Croman,* 152 Kan. 312, 316, 103 P. 2d 772, and cases there cited.) Appellee invokes the equally well-established rule that motions to make definite and certain rest in the sound discretion of the trial court, and that appeal does not lie from the ruling unless it appears that it affects a substantial right and in effect determines the action. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Axe v. Wilson,* 150 Kan. 794, 96 P. 2d, 880.) In reaching the conclusion presently to be stated we have been mindful of both rules.

We agree that the appellee might well have been required to say whether the motorman *could* have avoided the collision—after the danger was or reasonably should have been apparent to him—by stopping the car or by slackening its speed by applying the brakes or otherwise. But we think that such an allegation is reasonably implicit in the allegations made and that failure of the court to sustain the motion in that regard cannot reasonably be said to have prejudiced appellant's rights and determined the action. The same may be said for some of the other grounds for the motion. We proceed to the issue which, in our opinion, determines the appeal.

Appellee averred that he "attempted to cross from the south side of Kansas avenue and to cross the streetcar tracks" at a point one hundred and fifty feet west of the intersection. We have a specific statute on the subject. The pertinent provisions of section 8-547, G. S. 1943 Supp., read:

"No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only . . . after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement. A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

Appellee did not aver that when he attempted to turn across the street and the tracks the approaching streetcar was a sufficient distance away to make it appear reasonably safe to do so, nor that he had complied with other provisions of the statute. On the contrary, it is perfectly clear that in specification of negligence *(e)*, *supra*, he sought to imply a situation under which he could, at the trial, invoke the doctrine of "last clear chance" in case it appeared from the evidence that he was guilty of negligence in attempting to turn and cross the tracks under the conditions prevailing. In that specification he alleged that the motorman was guilty of negligence in failing to stop or slacken speed when he saw or should have seen the plaintiff's motor unit *"crossing in front of the said streetcar in such proximity that an accident and collision would occur"* unless he, the motorman, did so. In other words, appellee insists that contributory negligence cannot be imputed to him under the petition, but if specification *(e)* has any significance in addition to allegations of negligence theretofore made it arises under the doctrine of "last clear chance," which has application only in cases where the plaintiff has by his own negligence placed himself in a position of danger and defendant has been guilty of culpable negligence after the plaintiff's negligence has ceased. In *Goodman v. Kansas City, M. & S. Rld. Co.*, 137 Kan. 508, 21 P. 2d 322, it was said—citing supporting authorities—

"The doctrine of the last clear chance, as set forth in the authorities cited, may be said to be made up of the following elements: (1) Plaintiff, by his negligence, placed himself in a position of danger; (2) that his negligence had ceased; (3) that defendant seeing plaintiff in a position of danger, or by the exercise of due care should have seen him in such position, by exercising due care on his part had a clear chance to avoid injuring plaintiff; (4) that defendant failed to exercise such due care, and (5) as a result of such failure plaintiff was injured." (p. 512.)

(See, also, *Gibson v. Bodley*, 156 Kan. 338, 342, 133 P. 2d 112; Restatement, Torts, § 479.)

We agree with appellee's contention that ordinarily a mere inconsistency or repugnancy between allegations of negligence is not sufficient to require the sustaining of a demurrer. (*Bichel v. Oliver*, 77 Kan. 696, 95 Pac. 396; *Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77; *Downey v. Phillips*, 137 Kan. 362, 364, 20 P. 2d 453.) But that rule is in no way inconsistent with the rule firmly established in this state that a petition is demurrable—at least after a motion to make definite and certain in pertinent particulars has been successfully

resisted—if it does not fairly state a cause of action upon some definite theory. In *Lofland v. Croman,* supra, it was held:

"After a proper motion to make material allegations of a petition definite and certain has been overruled, such pleading cannot, in respect to such allegations, be upheld against a general demurrer unless it fairly states a cause of action upon some definite theory without resort to inferences or the construction of doubtful language." (Syl. ¶ 3.)

(See, also, *Gibson v. Bodley,* supra; *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 853, 22 P. 2d 965, and cases therein cited.)

We need not here determine whether it was incumbent upon appellee to plead facts showing compliance with section 8-547, *supra,* at the time he turned across the street and onto the tracks when the streetcar was approaching. Appellant's motion to make definite and certain properly sought to make clear the theory upon which recovery was sought. Perhaps appellee might have alleged that he was not guilty of negligence, but that even if he was guilty of negligence in the first instance he was still entitled to recover because of defendant's negligence, under the doctrine of "last clear chance." But in spite of the fact that specification (*e*) of defendant's alleged negligence was clearly intended to intimate resort to the doctrine of "last clear chance" appellee successfully resisted the motion definitely addressed to that point and now insists here that the allegations do not bring the case within the doctrine. Appellee was not entitled, in the face of the motion, to assert that the allegations of the petition imputed no negligence to him, to deny that the doctrine of last clear chance was involved, and at the same time preserve in the petition allegations under which the doctrine might be invoked in the trial. Appellant was entitled to know with more definiteness the theory upon which appellee intended to proceed.

It follows under the rules hereinbefore stated, that the order overruling the demurrer must be reversed. It is so ordered.