RENATA KLOEPFER, administratrix of the Estate of Newton L. Kloepfer, Deceased, *Appellant*, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, *Appellee*.

No. 38,831

RENATA KLOEPFER, *Appellant*, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, *Appellee*.

No. 38,832

CARL DANITSCHEK, *Appellant*, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, *Appellee*.

(254 P. 2d 243)

Opinion filed March 7, 1953.

*David Prager*, of Topeka, argued the cause, and *Edward Rooney, Jacob A. Dickinson* and *Sam A. Crow*, all of Topeka, were with him on the briefs for the appellants.

*Mark L. Bennett*, of Topeka, argued the cause, and *Clayton M. Davis*, of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Three separate actions were filed against the same defendant to recover for damages sustained in a collision between an automobile in which the several plaintiffs were riding and a train owned and operated by the defendant. The pleadings in the three actions were substantially identical. After issues were joined on amended petitions, answers and replies, the defendant filed its motion in each case for judgment on the pleadings. The trial court considered the motions together and sustained them. From these rulings the several plaintiffs appealed to this court where the

appeals have been consolidated. In view of the situation disclosed, we shall confine our review of the pleadings to appeal No. 38,831.

Plaintiff's original petition was attacked by a motion to strike certain allegations and to have others made definite and certain. That part of the motion to strike was sustained in part and denied in part, and that part to make definite and certain was wholly sustained. In view of the motion for judgment which was sustained, it is not necessary that we detail the original petition and the motion or the ruling thereon for in compliance with the trial court's order an amended petition was filed.

For our purposes it may be said that it was alleged in the petition that defendant had four tracks across Walnut street in Herington, Kansas; that the street was a federal and state highway on which there was a large volume of traffic at all hours; that defendant had a flagman on duty from 8:00 o'clock A. M. to midnight, but that the crossing was not protected by any automatic or manual signals or devices and that there was no warning or notice to the public or plaintiff that the flagman was not on duty. Specifically it was alleged:

"Plaintiff further alleges that at approximately 5:55 A. M. on January 18, 1949, she was riding in a Plymouth Coupe automobile driven by Newton L. Kloepfer; that at the time aforesaid said automobile was traveling east on said highway and approaching the crossing from the west at a rate of speed of approximately 20 miles per hour; that as the driver of said car approached said crossing he observed the usual crossbar warning sign with the words on the two bars 'Railroad Crossing'; that beneath it in large visible letters was written '3 tracks', when in truth and in fact there were four tracks; that the driver of said car, Mr. Newton L. Klopfer, observed that the first three tracks were clear with the exception of an engine standing at rest on the north side of the crossing. Immediately thereafter the driver discovered a train approaching on track No. 4 and was simultaneously warned by plaintiff of the approach of said train; that said train was a freight train approaching from the south at approximately ten miles per hour; that the shock of the precarious situation caused by the circumstances narrated in this petition caused the driver's reflexes to be paralyzed from shock so that he 'froze' at the controls of said automobile and was thus so immobilized from shock and fright that he lost all capacity of movement and was unable to do anything in reference to the operation and control of said automobile, with the result that said auotmobile continued at the same rate of speed and without altering the course or increasing or decreasing its speed; that at all times plaintiff was in a position of helpless peril from which she could not extricate herself."

It was further alleged that the fireman and engineer failed to give warning for protection of vehicles in the vicinity; that they were

not keeping a lookout for vehicles and pedestrians and failed to see the automobile in which plaintiff was riding and failed to stop their train which could easily have been stopped, and failed to give warning by sounding a whistle; that after the locomotive struck plaintiff's automobile it did not come to a stop until it had proceeded past the crossing a distance of 235 feet although by the exercise of due care it could have been stopped before the collision; that the automobile was pushed in front of the cowcatcher for a distance of 235 feet, and as a result plaintiff received injuries, details of which were alleged; that plaintiff's injuries and damages were the direct and proximate result of defendant's negligence in ( *a* ) failure to give warning by bell or whistle; ( *b* ) failure of the engineer and fireman to keep a proper lookout; ( *c* ) failure to stop the train until it had traveled 235 feet after striking the automobile although it could have been stopped on the crossing and injury to the plaintiff avoided; ( *d* ) negligence of defendant in having a crossing sign informing users there were three tracks when in fact there were four which false information confused the driver of the car; ( *e* ) negligence in not having a flagman on duty; and ( *f* ) negligence in not having some automatic signalling device to warn users of the approach of a train when no flagman was on duty.

Defendant did not direct any motion or demurrer to this amended petition, but filed its answer admitting its status, that it operated its railroad in Herington and that an automobile collided with one of its properly operated trains at the time charged. The answer also alleged the amended petition failed to state facts sufficient to constitute a cause of action, and alleged at length that plaintiff was guilty of negligence which was the sole and proximate cause of her injuries.

Plaintiff filed a reply in which she denied the allegations of the answer inconsistent with the allegations of her petition, and that she was guilty of any negligence and particularly the negligence alleged in defendant's answer.

Thereafter the defendant filed its motion alleging that under the whole of the pleadings and motions, the facts admitted in the pleadings and the allegations made were such as to entitle it to judgment, for which it prayed.

In ruling on the three motions the trial court filed a single memorandum decision in which it made mention of the course of the pleadings and motions filed and stated it believed that the decision

in *Frogge v. Kansas City Public Service Co.,* 159 Kan. 687, 157 P. 2d 537, controlled; that there appeared to be a lack of definite theory in plaintiffs' statements of their causes of action; that the defendant in each case was entitled to know definitely the theory on which plaintiffs intended to proceed; that the confusion of theories had been called to its attention and that the motions for judgment should be sustained, and it entered judgments sustaining the motions. The three appeals followed.

The trial court's memorandum decision makes it clear that its judgment was based on its conclusion that the petitions did not disclose a definite theory for recovery but a confusion of theories, and that it did not determine in any manner that the allegations were not sufficient to disclose (1) a cause of action based on negligence, or (2) a cause of action predicated on the doctrine of last clear chance. Its ruling in effect was that the petition failed to disclose definitely whether plaintiff was relying on one or the other, and hence was demurrable, the motion being treated as a demurrer. The case presented is not whether negligence has been alleged, nor whether facts sufficient to state a case have been alleged, but only whether there is a fatal confusion of theories.

The gist of appellant's contention that the trial court erred is that in an action of the type before us, the plaintiff may plead a case of ordinary negligence and also one for invoking the last clear chance rule and recover under whichever aspect the evidence proves.

Although spelled out at length in its brief, the appellee, in support of the trial court's ruling, directs our attention to the early case of *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619, and to many of our later decisions where its ruling is followed, in which it was held that a plaintiff must frame his petition upon a definite theory and upon that theory state a good cause of action, and if there is not a single and definite theory or such a confusion of theories the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought it is insufficient, and although other decisions are cited, principal reliance is placed on the decision in the Frogge case mentioned above.

We pause here to note that appellee directs attention to the motion to strike and to make definite and certain which it directed against the original petition, and makes an inferred but not direct contention the amended petition is to be strictly construed. We

have examined all of the pleadings and the rulings of the trial court thereon. The motion to strike parts of the original petition was allowed in part, and to make definite and certain was fully sustained. Insofar as the trial court denied the motion to strike, its ruling was proper and under the rule stated in *Powell v. Powell,* 172 Kan. 267, Syl. ¶ 1, 239 P. 2d 974, the amended petition is not subject to strict construction.

We need not fully review our decision in *Frogge v. Kansas City Public Service Co.,* supra. There a petition alleging negligence was attacked by motions to strike and to make definite and certain which were successfully resisted. The allegations of the petition were such that defendant sought to determine whether the plaintiff relied on ordinary negligence of the defendant or on the doctrine of last clear chance. Later a demurrer was overruled and appeal followed. This court, citing authorities, said that ordinarily mere inconsistency of allegations did not require sustaining a demurrer but that the rule was in no way inconsistent with the rule that a petition, unsuccessfully attacked by motion, is demurrable if it does not state a cause of action upon some definite theory. In the concluding part of the opinion it was said that, "Perhaps appellee might have alleged that he was not guilty of negligence, but that even if he was guilty of negligence in the first instance he was still entitled to recover because of defendant's negligence, under the doctrine of 'last clear chance.'" (l. c. 692); that in spite of the fact of an allegation that was clearly intended to intimate resort to that doctrine appellee successfully resisted the motion directed to that point and insisted the allegation did not bring the case within the doctrine. It was said the plaintiff was not entitled, in the face of the motion, to assert his allegations imputed no negligence to him, to deny the doctrine was involved and at the same time preserve in the petition allegations under which the doctrine might be invoked at the trial, and that appellant was entitled to know with more definiteness the theory upon which appellee intended to proceed, and the order of the trial court overruling the demurrer was reversed.

In the last cited case, with one execption, no reference was made to any of the cases later mentioned treating invocation of the doctrine of last clear chance. The case was determined by a strict application of technical rules of pleading pertinent to the situation there presented, and sufficiently harsh in result that the rule should not be extended. The question is whether it should be applied to the case at bar.

Extended discussion of general rules of pleading is unnecessary. It is not debatable but that the general rule is that the facts constituting a cause of action should be by direct allegation and not by alternative allegation, but the rule is subject to the modification that if both alternatives are good in substance, the petition is not subject to general demurrer, and to the further modification generally recognized that if the pleader is uncertain as to the grounds of his claim he may state his cause of action in whatever different ways may be necessary to meet possible proof. See 71 C. J. S. (Pleading, § 41) p. 109, and 41 Am. Jur. (Pleading, §§ 41, 42) p. 317. One phase of the rule stated is treated in *Miller v. Johnson,* 155 Kan. 829, 130 P. 2d 547, to which reference is made. In the later case of *Ondrasek v. Ondrasek,* 172 Kan. 100, 238 P. 2d 535, it was held:

" 'It is a familiar rule of pleading that when the plaintiff has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one count. The pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of the evidence, and he will not be required to elect on which count he will proceed.' " (Syl. ¶ 4.)

Referring now to rules of pleading with respect to ordinary negligence and last clear chance, it is stated generally that a plaintiff may plead both ordinary negligence and a state of facts invoking the last clear chance rule, and he may recover under whichever aspect the proof of the case shows. See 65 C. J. S. (Negligence, § 191) p. 909, and 38 Am. Jur. (Negligence, § 271) p. 960. See also *Cleve. Ry. Co. v. Masterson,* 126 Ohio St. 42, 183 N. E. 873, 92 A. L. R. 15, where it was held:

"A plaintiff may, in his petition, plead a case of ordinary negligence and may also plead a state of facts invoking the last chance rule; and he may recover under whichever aspect the proof in the case assumes." (Syl. ¶ 4.)

See also annotation in 25 A. L. R. (2d) 254. The rules just mentioned were, in substance, followed in *Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112, (cited but not commented on in the Frogge case, *supra*) it being held:

"Plaintiff may plead in his petition all the grounds of negligence known to him, including the negligent failure of a defendant to avoid injury under the doctrine of last clear chance, but in order to rely upon the latter theory of negligence the essential elements of the doctrine must be pleaded in order to make it available, when the petition is properly and timely challenged by motions and demurrer." (Syl. ¶ 3.)

Although not arising in manner similar to that in the case at bar, it has been held in a number of cases, e. g. *Juznik v. Railway Co.*, 109 Kan. 359, 199 Pac. 90; *Whatley v. Chicago G. W. Rld. Co.*, 123 Kan. 187, 253 Pac. 1096; and *Bass v. St. Louis-S. F. Rly. Co.*, 143 Kan. 740, 57 P. 2d 467; that plaintiff, although not fully pleading facts warranting application of the last clear chance doctrine, may rely thereon, especially if his incomplete allegations were sufficient to inform the defendant of his intention so to do.

In our opinion the allegations of the petitions and replies in the three cases under consideration did not present such a confusion of theories that the trial court was justified in sustaining the motions for judgment on the pleadings. Its judgment is therefore reversed and the causes are remanded for trial.