No. 39,577

RUTH BECKER, Administratix, *Appellee,* v. DONALD TASKER and ALFRED TASKER, *Appellants.*

(280 P. 2d 581)

Opinion filed March 5, 1955.

*James P. Mize,* of Salina, argued the cause and *C. L. Clark* and *Thomas M. Lillard, Jr.,* both of Salina, were with him on the briefs for the appellants.

*L. A. McNalley,* of Minneapolis, argued the cause and *Evan Corman,* of Minneapolis, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action by an administratrix in which she seeks to recover damages for the death of her decedent suffered when he was killed when an automobile in which he was riding was struck by a truck being driven by one of defendants while in the employ of the other defendant. The appeal is from an order of the trial court overruling the defendants' demurrer to the second amended petition.

The second amended petition alleged plaintiff was the administratrix of the estate of Charles E. Steepleton and was bringing the action for the benefit of his next of kin; defendant, Donald Tasker, at the time in question was the employee of Alfred Tasker and acting in the scope of his agency and employment; that on November 21, 1952, Steepleton was employed near the intersection of two public highways at a point where several trucks and automobiles were situated, all of which was in plain sight of Donald Tasker approaching the intersection from the south; that a car Steepleton was driving going west entered the intersection before the truck driven by Tasker entered or approached it; and at the intersection where there was clear vision to see traffic coming from any direction Tasker, operating a truck loaded with nine thousand pounds of sand, so negligently operated it that it was driven against the car Steepleton was driving, causing his death.

The petition then alleged Tasker was negligent in some eleven particulars—by driving on the left-hand side of the highway; by failing to drive to the extreme right; by driving at a speed greater than was reasonable and prudent; by failing to decrease his speed; by failing to decrease his speed so as to avoid collision with the Steepleton car then entering the highway; by failing to yield the right-of-way to the Steepleton car which had already entered the intersection from the east; by failing to have his truck under control so as to avoid striking the car driven by Steepleton; by having

his truck so heavily loaded that he could not control the movement of it; by failing to have brakes on it so he could stop it within a distance of 40 feet and with hand brakes within a distance of 55 feet; and by driving more than 40 miles an hour.

The petition then denied that Steepleton was guilty of any negligence in entering the intersection, but alleged that even if he was negligent his car was struck by the truck on the west side of the north and south road and the defendant saw, or in the exercise of ordinary care, should have seen the position of peril and could have avoided the collision by turning his truck to one side to avoid it, applying his brakes to stop the truck, checking his speed, driving to the right half of the road or doing something to avoid striking the automobile in which Steepleton was riding; that the collision between the truck and the automobile and the death of Steepleton were caused solely and exclusively by each act of negligence of the defendants and that the truck so driven into the car being driven by Steepleton resulted in the death and proximately caused the death of Steepleton and proximately caused the damages complained of.

This second amended petition was filed as the result of various motions that had been directed at earlier petitions.

To it, the defendants directed a motion to make definite and certain by requiring that the petition state whether as the decedent approached the intersection he had a clear view of defendants' car approaching from the south; whether he observed the approach of defendants' truck; at what speed decedent's car entered the intersection; whether decedent could have stopped in time to avoid the collision after he saw defendants' truck entering the intersection; whether Tasker drove defendants' truck to the left of the center of the highway in an attempt to avoid colliding with decedent's automobile; whether Tasker could have turned the truck back to the extreme right side of the traveled portion of the highway after he saw, or should have seen, Steepleton was in a position of peril; by stating whether Tasker could have decreased or checked the speed of his truck sufficiently to have avoided the collision after he saw, or should have seen, Steepleton was in a position of peril; by stating whether Tasker could have applied his brakes sufficiently to avoid the collision after he saw, or should have seen, that Steepleton was in a position of peril; by stating whether Tasker could have yielded the right-of-way so as to have

avoided the collision after he saw, or should have seen, Steepleton was in a position of peril; by stating whether by having brakes which could stop defendants' truck within a distance of 40 feet and using them Tasker could have avoided the collision after he saw, or should have seen, Steepleton was in a position of peril; by stating whether he drove to the left of the center and away from the right-hand half of the road in an attempt to avoid the collision after he saw, or should have seen, Steepleton was in a position of peril; by stating whether Steepleton was negligent in driving his automobile in front of the truck driven by Tasker; whether Steepleton's negligence, if any, in driving in front of the truck ceased before the collision; whether Steepleton's car was in such a position after he entered the intersection that he could, by the exercise of reasonable care, have applied his own brakes and avoided the peril; and whether plaintiff would rely on the allegations of failure to stop, decrease speed, apply brakes, turn aside and yield right-of-way, or upon the allegations of excessive speed, excessive load and inadequate brakes, by stating definitely and clearly the facts she claimed showed the death of Steepleton was caused by any acts of defendants.

This motion to make definite and certain was overruled.

The defendants then filed a motion to strike various paragraphs from the second amended petition for the reason that they constituted conclusions and did not state a cause of action and were highly prejudicial to the rights of defendants.

This motion was overruled, whereupon the defendants demurred to the petition on the ground it disclosed upon its face that Steepleton was guilty of contributory negligence, barring recovery by plaintiff; that it was not drawn upon any single definite theory but upon the contrary contained a confusion and commingling of the theories of ordinary negligence and the doctrine of last clear chance; that it failed to state facts sufficient to constitute a cause of action under either of the alternative theories of ordinary negligence or the last clear chance doctrine.

Both the motions and the demurrer were overruled—hence this appeal.

The specifications of error are that the court erred in overruling the motion to make definite and certain; in overruling the motion to strike following the overruling of the motion to make definite and

certain; and in overruling the demurrer following the overruling of the motion to make definite and certain.

The defendants argue first their motion to make definite and certain was resisted and improperly overruled—hence they are entitled to have the petition strictly construed.

They next argue that the petition is demurrable because it pleaded in the alternative and did not state a cause of action under each alternate. Their theory is that the allegations in which plaintiff alleged the last clear chance doctrine are inconsistent with many of the allegations wherein she alleged the attempt to recover on account of common-law negligence.

It is only when a motion to make definite and certain was improperly overruled that such action requires a strict interpretation of the petition. (See *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n*, 174 Kan. 498, 503, 256 P. 2d 872.) This motion to make definite and certain was in some fourteen paragraphs. We have examined them all. They either asked the plaintiff to state her evidence, which she did not have to do, or they asked her to plead matters which should have been pleaded by the defendants in their answer as a matter of defense. The court's action in overruling this motion was correct. There was also a motion to strike. This motion went to the same matters that will be considered presently in this opinion on the next argument of the defendant.

This argument is that the petition was demurrable because it pleaded in the alternative and did not state a cause of action under either. This is but another way of stating, the plaintiff pleaded a cause of action in common-law negligence, and in another paragraph pleaded a cause of action under the doctrine of last clear chance. We have examined the authorities relied upon by the appellant. None of them are in point here. The cause of action in common-law negligence and one under the doctrine of last clear chance may be pleaded in the same petition so long as the allegations are not repugnant. We see nothing repugnant about the allegations of this petition. (See *Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.*, 174 Kan. 96, 254 P. 2d 243.) There we said:

"Extended discussion of general rules of pleading is unnecessary. It is not debatable but that the general rule is that the facts constituting a cause of action should be by direct allegation and not by alternative allegation, but the rule is subject to the modification that if both alternatives are good in substance, the petition is not subject to general demurrer, and to the further modification generally recognized that if the pleader is uncertain as to the

grounds of his claim he may state his cause of action in whatever different ways may be necessary to meet possible proof."

Reference is made here to other authorities cited and discussed in the above opinion. (See, also, *Emrie v. Tice*, 174 Kan. 739, 258 P. 2d 332.) There we said:

"A petition which contains alternative averments is good as against a demurrer where a cause of action is stated under either an alternative averment or set of averments. (*Miller v. Johnson*, 155 Kan. 829, 130 P. 2d 547; *Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.*, 174 Kan. 96, 254 P. 2d 243; 41 Am. Jur., Pleading, §§ 41, 42.)

"A party may charge all the acts of negligence known to him but may recover on only such acts of negligence as are established by proof. (*Turner v. George Rushton Baking Co.*, 135 Kan. 484, 489, 11 P. 2d 746.) The petition, however, must state a cause of action on each theory. See *Gibson v. Bodley*, 156 Kan. 338, 344, 133 P. 2d 112; *Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.*, supra, as applied to pleading negligence and the doctrine of last clear chance."

This petition set forth in plain and concise language the acts of negligence of which the plaintiff charged the defendant was guilty; also the fact that should the jury decide the decedent was guilty of negligence, his negligence had ceased and the defendant saw him in a position of danger or by the exercise of due care should have seen him in this position and by the exercise of due care could have avoided the injuries. This met the requirements for pleading the doctrine of last clear chance.

The judgment of the trial court is affirmed.

ROBB, J., not participating.