No. 40,942

Marvin K. Gibbs, Appellee, v. Gordon S. Mikesell, Appellant.

(325 P. 2d 359)

Opinion filed May 10, 1958.

*Warren D. Andreas*, of Winfield, argued the cause, and *Harry O. Janicke* and *J. A. Herlocker*, of Winfield, were with him on the briefs for appellant.

*Marion P. Mathews*, of Winfield, argued the cause, and *Lawrence E. Christenson* and *W. R. Mathews*, of Winfield, were with him on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a ruling of the lower court overruling defendant's demurrer to plaintiff's second amended petition which pleads a cause of action in common law negligence and, in the alternative, a cause of action under the doctrine of last clear chance.

The fundamental question presented is whether the plaintiff in alleging the doctrine of last clear chance in the second amended petition has alleged facts which admit contributory negligence as a matter of law.

Summarized in part, the allegations of the second amended petition were that at or about 9:45 o'clock p. m., on August 20, 1955, plaintiff was driving his automobile north approaching an intersection on U. S. Highway No. 77 two miles south of Winfield, Kansas; that said highway was a hard-surfaced black-topped highway approximately 22½ feet in width and the intersecting township road, which formed the intersection, was gravel and approximately 20 feet in width; that U. S. Highway No. 77 runs downgrade from the south to the intersection which is visible for a distance of approximately 500 feet; that plaintiff approached the intersection from the south at a speed of approximately 55 miles per hour; "that it was night time and dark and both headlights were burning brightly; that when plaintiff was approximately 500 feet South of said inter-

section he met an automobile proceeding south; that after meeting said automobile, plaintiff placed his headlamps on the bright position and proceeded on north; that said U. S. Highway No. 77 is black in color and had been recently resurfaced; that when plaintiff was at a distance of approximately 375 feet south of said intersection, he first observed an automobile driven by defendant, dark in color, on the north portion of said intersection without lights, the exact location being unknown to plaintiff, and that said automobile was facing in a west-northwest direction, blocking or partially blocking both the east and west lanes of traffic; that plaintiff anticipated defendant would obey the highway laws and regulations and clear said intersection but nevertheless slowed down, the exact speed and location being unknown to plaintiff, and used his brakes; that no automobile was approaching from the north going south; that the west lane was clear of other traffic, and the intersection could have been cleared by defendant with complete safety; that shortly thereafter, the exact time and location of plaintiff's automobile being unknown to plaintiff, plaintiff realized that defendant's automobile was parked and that defendant was not clearing said intersection or moving in any direction; that plaintiff immediately applied his brakes hard and continued to so apply them until the time of the hereinafter mentioned collision, thereby skidding his wheels; plaintiff attempted to steer his automobile to the right of defendant's automobile to avoid collision but due to the location and position of the defendant's automobile, the left side of the plaintiff's automobile skidded into and collided with the rear end of the automobile driven by defendant; that as a result of said collision plaintiff was thrown out of his automobile and injured and damaged as hereinafter set out."

The second amended petition then alleges:

"(5) That plaintiff was free from all negligence and the collision and resulting damage to plaintiff was the direct and proximate result of the negligent acts and omission of acts of defendant as follows, to-wit:

"(a) Driving in the nighttime without lights of any type as required by General Statutes of Kansas, 1949, 8-581.

"(b) Stopping and parking in the intersection of a Federal Highway without cause and without lights in the nighttime in violation of General Statutes of Kansas, 1949, 8-572 and 8-586.

"(c) Parking and stopping in an intersection as before described in such position that both lanes of traffic were blocked.

"(d) Failure to clear said highway and intersection when defendant knew or should have known he was blocking both lanes of traffic and defendant knew

or should have known that he was creating a hazard to other users of the highway, and particularly this plaintiff.

"(e) Failure to proceed forward and drive out of plaintiff's lane of traffic when the south bound traffic lane was free and clear and he could have done so with complete safety.

"(f) Failure to keep a close and careful lookout for any and all traffic lawfully using said highway and particularly this plaintiff.

"(g) Failure to signal or warn plaintiff that he was stopped and parked in said intersection as above described.

"(6) The plaintiff herein denies that he was guilty of any negligence but that even if he was negligent in any way, such negligent acts, if any, are unknown to plaintiff, in proceeding along the highway as alleged, or otherwise, such negligence, if any, had ceased prior to the collision; that the time at which plaintiff's negligent acts, if any, had ceased, is unknown to plaintiff; and, the location of plaintiff's car at such time as his negligent acts, if any, had ceased, is also unknown to plaintiff; and, plaintiff alleges that at such time as his negligent acts, if any, had ceased, the defendant saw or in the exercise of ordinary care, should have seen the position of peril of plaintiff and could have then and there avoided said accident and collision by any one of the following acts:

"(a) driving his car forward

"(b) turning his automobile to his left

"(c) driving his automobile on the right half of said roadway

"(d) moving his car in any manner so that both the north and south lanes of traffic would not be blocked, leaving plaintiff one lane free from obstruction.

"(7) That as a result of the aforementioned collision and the negligence of defendant, plaintiff was thrown out of his automobile and injured and damaged as follows, . . ."

The appellant (defendant) asserts that the second amended petition must be subjected to strict construction by reason of a motion to make definite and certain which the trial court overruled.

In determining the question whether a petition is to be given a liberal or strict construction when attacked by demurrer, the rule is that strict construction applies only when a meritorious motion to make definite and certain has been successfully resisted by the plaintiff. (*Vitt v. McDowell Motors, Inc.,* 180 Kan. 800, 308 P. 2d 115; and *Powell v. Powell,* 172 Kan. 267, 239 P. 2d 974.) Where a trial court has properly sustained a motion to make a petition definite and certain and to strike in whole or in part, and the plaintiff has complied therewith, the amended petition when challenged by demurrer, as being insufficient to state a cause of action, will be liberally construed. (*Hickert v. Wright,* 182 Kan. 100, 319 P. 2d 152.)

The mere filing of a motion to make definite and certain is insufficient to require strict construction. In *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n*, 174 Kan. 498, 256 P. 2d 872, this court said at page 503:

". . . The trouble from their standpoint is that a motion to make a petition more definite and certain does not lie when the pleading attacked is sufficiently definite and certain to make the nature of the charge apparent and that a petition which fairly apprises the defendant of what the plaintiff's claim is to be is not subject to a motion to make more definite and certain. When that is the situation, where such a motion is properly resisted and overruled, the decisions on which appellants rely have no application and the attacked pleading is subject to liberal construction notwithstanding. . . ."

A motion to make definite and certain was lodged against the amended petition. The first seven paragraphs of this motion attempted to force plaintiff to either plead his evidence or set up defensive matter. We do not hesitate to declare that this portion of the motion was properly overruled, but the trial court sustained Paragraph 9 which required the plaintiff to "specifically allege in paragraph (6) the act or acts of negligence of the plaintiff, when such negligence ceased, and the exact location of plaintiff's automobile on the highway in reference to defendant's automobile when such act or acts of negligence ceased."

Paragraph 6 of the amended petition reads:

"(6) The plaintiff herein denies that he was guilty of any negligence but that even if he was negligent in any way in proceeding along the highway as alleged, or otherwise, such negligence, if any, had ceased prior to the collision and defendant saw or in the exercise of ordinary care, should have seen the position of peril of plaintiff and could have then and there avoided said accident and collision by any one of the following acts: [Subparagraphs (a) to (d) are identical with those in Paragraph 6 of second amended petition.]"

As a result of the trial court's ruling on the motion Paragraph 6 was amended to read as set forth in the second amended petition. Paragraph 8 of the motion was sustained but is immaterial to the issues herein.

Mindful of the rules heretofore stated and for the reasons heretofore and hereafter assigned, the second amended petition is entitled to a liberal construction.

The law is clear that the driver of a motor vehicle must keep his vehicle under such control as will enable him to articulate his speed with his ability to stop or turn aside within the range of vision provided by the headlights of his automobile. (*Harrison v. Travelers Mutual Cas. Co.*, 156 Kan. 492, 134 P. 2d 681; *Curtiss v. Fahle*, 157

Kan. 226, 139 P. 2d 827; and *Bottenberg Implement Co. v. Sheffield,* 171 Kan. 67, 229 P. 2d 1004.)

Relying upon the foregoing rule appellant contends that the second amended petition given even the most liberal construction and interpretation conclusively shows that appellee—driving at a speed of 55 miles per hour, observing appellant's automobile without lights, blocking or partially blocking the highway upon which appellee was traveling some 375 feet away, having alleged no exceptions to the general rule, such as blinding lights approaching in the opposite lane of traffic—did not have his automobile under such control as to articulate his speed with his ability to stop or turn aside within the range of vision provided by the headlights of his automobile, and that such failure constituted contributory negligence as a matter of law.

Liberally construed the petition under attack does not allege in any manner that plaintiff could not have stopped his car within the range of vision provided by his headlights. The plaintiff alleges that he did slow down but did not at that time try to stop because he did not then realize defendant's car was stopped or parked, and plaintiff anticipated defendant would obey the laws and regulations of the highway and clear the intersection. Under the conditions and circumstances alleged plaintiff was not negligent in assuming that defendant would clear the intersection before plaintiff arrived at that point. The law is well established that the operator of an automobile on a public highway may assume others using the highway will observe the laws of the road and he is not guilty of contributory negligence in such an assumption unless and until he has knowledge to the contrary. (*Blankenship v. Fraker,* 173 Kan. 438, 249 P. 2d 683; *Fry v. Cadle,* 171 Kan. 14, 229 P. 2d 724; and *Smith v. Salts,* 170 Kan. 313, 224 P. 2d 1025.)

The duty or care between persons using the public streets or highways is mutual, and any such person may assume that others traveling on the public streets or highways will comply with the obligation imposed upon them. A driver of a motor vehicle has the right to act upon the assumption that every person whom he meets will exercise ordinary care and caution according to the circumstances and will not negligently and recklessly expose himself to danger, but rather make an attempt to avoid it.

After plaintiff in the instant case realized that defendant's automobile was parked, according to the allegations, and defendant was

not clearing the intersection or moving in any direction, plaintiff alleged his efforts to avoid the collision.

Questions of fact ultimately to be put in issue by such allegations indicate the kinds of actions in which each party is entitled to trial by jury as a matter of right. They should not be converted into trials by the court. (*Lawrence v. Kansas Power & Light Co.,* 167 Kan. 45, 204 P. 2d 752.)

Contrary to the appellant's contention that the plaintiff seeks to obtain the benefits from contradictory and inconsistent allegations deliberately made in his pleadings, this court has recognized pleading causes of action for common law negligence and the doctrine of last clear chance in the alternative. True, the question has been presented to this court under various approaches. In some cases the petition has been held demurrable where the two theories have been confused or where the essential elements of the doctrine of last clear chance have not been set forth in the pleading. While appellant seeks to distinguish various cases upon the specific factual situations presented, we nevertheless think it clear that this court has recognized that a plaintiff may plead a cause of action in common law negligence and in the same petition plead in the alternative a cause of action under the doctrine of last clear chance. (*Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112; *Frogge v. Kansas City Public Service Co.,* 159 Kan. 687, 157 P. 2d 537; *Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.,* 174 Kan. 96, 254 P. 2d 243; *Becker, Administratrix, v. Tasker,* 177 Kan. 452, 280 P. 2d 581; and authorities cited in these decisions.)

In the Frogge case a petition was held demurrable for the reason that it did not fairly state a cause of action upon a definite theory. There a motion was properly directed against an allegation intended to intimate resort to the doctrine of last clear chance but was successfully resisted. The appellee was not entitled, in the face of such motion, to assert that the allegations of the petition imputed no negligence to him, to deny that the doctrine of last clear chance was involved, and at the same time preserve in the petition allegations under which the doctrine might be invoked in the trial. The court said at page 692:

". . . Perhaps appellee might have alleged that he was not guilty of negligence, but that even if he was guilty of negligence in the first instance he was still entitled to recover because of defendant's negligence, under the doctrine of 'last clear chance.' . . ."

In the Kloepfer case the issue presented to the court was not whether negligence had been alleged, nor whether facts sufficient to state a cause of action had been alleged, but only whether there was a fatal confusion of theories. The court held that the petition was not demurrable, stating:

". . . It is not debatable but that the general rule is that the facts constituting a cause of action should be by direct allegation and not by alternative allegation, but the rule is subject to the modification that if both alternatives are good in substance, the petition is not subject to general demurrer, and to the further modification generally recognized that if the pleader is uncertain as to the grounds of his claim he may state his cause of action in whatever different ways may be necessary to meet possible proof. See 71 C. J. S. (Pleading, § 41) p. 109, and 41 Am. Jur. (Pleading, §§ 41, 42) p. 317 . . ." (p. 101.)

The rule stated in 41 Am. Jur., Pleading, § 106, p. 363, was approved by this court in *Ondrasek v. Ondrasek,* 172 Kan. 100, 238 P. 2d 535. It reads:

"It is a familiar rule of pleading that when the plaintiff has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one count. The pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of the evidence, and he will not be required to elect on which count he will proceed . . ."

See, also, *Miller v. Johnson,* 155 Kan. 829, 130 P. 2d 547.

This court in the Kloepfer case said at page 101:

"Referring now to rules of pleading with respect to ordinary negligence and last clear chance, it is stated generally that a plaintiff may plead both ordinary negligence and a state of facts invoking the last clear chance rule, and he may recover under whichever aspect the proof of the case shows. See 65 C. J. S. (Negligence, § 191) p. 909, and 38 Am. Jur. (Negligence, § 271) p. 960. See also *Cleve. Ry. Co. v. Masterson,* 126 Ohio St. 42, 183 N. E. 873, 92 A. L. R. 15, . . ."

A limitation upon pleading a cause of action in common law negligence and one under the doctrine of last clear chance in the same petition requires that the allegations of the petition are not repugnant. (*Becker, Administratrix, v. Tasker,* supra.)

The essential elements under the doctrine of last clear chance are: (1) The plaintiff by his own negligence placed himself in a position of danger; (2) that the plaintiff's negligence had ceased; (3) that the defendant seeing the plaintiff in a position of danger, or by the exercise of due care should have seen the plaintiff in such

position, by exercising due care on his part had a clear chance to avoid injuring the plaintiff; (4) that the defendant failed to exercise such due care; and (5) as a result of such failure on the defendant's part plaintiff was injured. (*Goodman v. Kansas City, M. & S. Rld. Co.,* 137 Kan. 508, 21 P. 2d 322; and see, Restatement of Law, Torts, Negligence, § 479.)

The appellant contends that the second amended petition, given the most liberal construction, contains no allegations or inferences that may be drawn therefrom to indicate that the appellee's negligence at any time ceased, but on the contrary shows that appellee's negligence continued right up to the moment of impact.

It is clear that the doctrine of last clear chance can have no application where the contributory negligence of the plaintiff driver of an automobile is not shown to have ceased prior to the impact. (*Bazzell v. Atchison, T. & S. F. Rly. Co.,* 133 Kan. 483, 300 Pac. 1108; *Goodman v. Kansas City, M. & S. Rld. Co.,* supra; and *Buchhein v. Atchison, T. & S. F. Rly. Co.,* 147 Kan. 192, 75 P. 2d 280.) Appellant relies upon the foregoing cases to support his contention.

Each of these cases was presented to this court upon an abstract of the *evidence,* after trial in the lower court, where the plaintiff driving an automobile on a public highway at a railroad crossing was struck by a train or interurban car. The manner in which these cases were pleaded was not before the court. In none of these cases did the *evidence* disclose that the plaintiff's negligence had ceased prior to the impact.

Paragraph 6 of the amended petition in the instant case specifically referred to the facts previously alleged, as to the manner in which plaintiff was proceeding along the highway, and further alleged that if the plaintiff was negligent, such negligence had ceased prior to the collision. The facts alleged that at the time plaintiff reached a point in the highway beyond which he could not stop, plaintiff's actions, whatever they might be, could not have avoided an accident of some nature. When plaintiff arrived at that point, there was still time for the defendant to clear the intersection and obey the highway laws and regulations. Prior to the time that plaintiff actually had knowledge that the defendant was parked and not clearing the intersection, he could still assume that the defendant would comply with the laws even though the plaintiff had passed the point beyond which he could not stop.

(*Blankenship v. Fraker,* supra.) Failure to do an act which is physically impossible is not negligence.

Under the doctrine of last clear chance it makes no difference how short an interval occurs between the negligent act of the plaintiff, which ceased, and that of the defendant, if the latter had time to discover the danger and avert it by the exercise of ordinary care. (38 Am. Jur., Negligence, § 218.) Only in the event of concurring negligence could plaintiff be barred. (*Leinbach v. Pickwick-Greyhound Lines,* 138 Kan. 50, 23 P. 2d 449.)

The other essential elements under the doctrine of last clear chance are clearly apparent from the allegations of the amended petition and the second amended petition of the plaintiff.

In our opinion defendant's entire motion to make plaintiff's amended petition definite and certain was without merit and it should have been overruled *in toto.* The extent to which Paragraph 6 of the amended petition has been modified under the court's order is mere surplusage. In arriving at this conclusion the court has not been unmindful of *Bouska v. Bouska,* 168 Kan. 94, 211 P. 2d 55, cited by the appellant. This case has been carefully considered but is rejected as inapplicable to the facts and circumstances alleged in plaintiff's amended petition.

Normally, the factual situation which invokes the doctrine of last clear chance is the reverse of this case. That is, the party asserting the doctrine of last clear chance is usually the one who is occupying an intersection and not the party approaching the intersection where a collision occurs. Under all the facts, conditions and circumstances alleged in the plaintiff's amended petition we cannot say as a matter of law that this situation makes the amended petition demurrable. The fact that the plaintiff may have difficulty in the trial proving his cause of action under the doctrine of last clear chance, if it becomes necessary, does not authorize this court to be presumptuous, and rule as a matter of law, if the plaintiff was guilty of negligence, that such negligence continued to the point of impact. To do so would convert an action which is essentially an action for the jury into a trial by the court. We are here concerned with a pleading and not the evidence after the trial of an action. In our opinion the two causes of action are well pleaded in the alternative in the amended petition and are not repugnant.

It may seem academic to reiterate statutory mandates in pleading, but in view of the fact that it has now been 737 days since the plaintiff filed his petition in the trial court, it is deemed appropriate. G. S. 1949, 60-704, provides that a petition must contain a statement of the facts constituting the cause of action in ordinary and concise language, without repetition, and a demand of the relief to which the party supposes himself entitled. In other words, the function of a petition is to advise the defendant precisely what plaintiff claims against him. *In the construction of a petition for the purpose of determining its effect, allegations are to be liberally construed with a view to substantial justice between the parties.* ( G. S. 1949, 60-736; and *Vitt v. McDowell Motors, Inc.*, supra.)

It follows that the order of the trial court overruling the defendant's demurrer to the second amended petition of the plaintiff should be and is hereby affirmed.