No. 43,246

CHARLES H. HARRINGTON and CECELIA HARRINGTON, his wife, *Appellees*, v. HESS CONSTRUCTION COMPANY, INC., *Appellant*.

(381 P. 2d 519)

Opinion filed May 11, 1963.

*Robert L. Kimbrough,* of Topeka, argued the cause, and *Floyd E. Gehrt,* also of Topeka, was with him on the brief for the appellant.

*Louis E. Eisenbarth,* of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for breach of a written contract wherein the defendant agreed to sell and convey certain real estate to the plaintiffs, and further agreed to construct a residential structure on the same prior to the transfer of title, all in accordance with certain plans and specifications referred to in the contract. The trial court overruled a demurrer to the third amended petition, from which order appeal has been duly perfected.

The only question presented is whether the third amended petition states sufficient facts to constitute a cause of action.

Allegations material to this appeal are that the plaintiffs (appellees) are husband and wife and reside at 2719 James, Topeka, Shawnee County, Kansas; that the defendant is a Kansas corporation with its principal place of business in Topeka, Kansas; and:

"2. That on or about the 29th day of November, 1958, the plaintiffs entered into a written agreement with the defendant whereby plaintiffs agreed to buy and defendant agreed to sell a certain tract of land and under which defendant agreed to construct a residential structure on said land all as contemplated and set forth in said agreement in consideration of and for a certain sum of money to be paid by the plaintiffs; that said agreement is attached hereto, marked Exhibit 'A,' and made a part hereof as though fully set out herein.

"3. That said agreement was made through the S. K. Stephen Realtor Agency; that certain plans and specifications were displayed to plaintiffs in inducing said agreement; that plaintiffs chose certain plans by number as indicated in said Exhibit 'A'; that the defendant represented to plaintiffs that the said Capitol Federal Savings and Loan Association would keep said plans and specifications on file and would make periodic inspections to assure compliance by the defendant with said plans and specifications; that the plaintiffs relied on the said representations in making said contract.

"4. That said plans and specifications are not now available to the plaintiffs to attach hereto; that plaintiffs have on many occasions themselves and by their attorney made demand on the defendant and the said Savings and Loan Association to inspect said plans, but the said Savings and Loan Association denies having said plans, and the defendant denies that such plans were ever in existence.

"5. That under said agreement the defendant had a duty to perform the construction of said house in a workmanlike manner and to use proper materials for the same; that defendant had a further obligation to perform in conformance with the plans and specifications referred to in said agreement and displayed to the plaintiffs; that in fact the defendant breached his contract and his duties and obligations thereunder in the following particulars, to wit: [Seven defects are here enumerated.]

"6. That as a direct and proximate result of the defendant's default the plaintiffs have been damaged in that they do not have a heated crawl space as contemplated under the plans for said structure and as paid for by them under said contract; that the said crawl space has been damp and soggy; that on occasions plaintiffs had several inches of water in said crawl space; that water gets into the heating vents and stands there; that said water causes a foul and permeating odor throughout the house and causes clothing and other items in said house to mold; that said moisture has caused irreparable damage to the walls, paint, and furniture.

"7. That at the inception of said agreement the defendant through one S. K. Stephens, Realtor, and various salesmen of said realtor, all of whom, were agents of the defendant, orally represented to the plaintiffs that the defendant warranted the workmanship and materials used in construction of said structure for the period of one year against defects; that after the construction was completed, the plaintiffs on many occasions after March or April of 1959 and during the early part of 1960, did report to Mr. Van Hess and one Mr. Beck, the defendant's agents, the defects in materials and workmanship and breaches of contract herein stated; that each of them repeatedly stated that all errors and defects would be corrected with the 'one year warranty'; that on one occasion shortly after the plaintiffs occupied the house, the said Van Hess stopped by the premises and agreed to correct the said errors, defects and breaches within the one year warranty if the plaintiffs would pay the balance they had withheld of the purchase price, and that plaintiffs relying thereon did pay said balance; that the exact dates of said conversations are unknown to plaintiff, but that they occurred during 1959 and 1960; that some of said conversations were on the premises at 2719 James, Topeka, Kansas, some of them by telephone, and some of them at the defendant's office; that at the inception of said agreement and at all times thereafter the plans and specifications displayed to the plaintiff warranted said construction to comply with the then current FHA and GI requirements as to workmanship and materials.

"That thereafter during the late summer or early fall of 1960, the defendant put two vents in the north foundation wall without permission or request of the plaintiffs; that on or about February 13, 1961, the defendant installed a window well in the west foundation wall; that said vents and window well allow outside air in the 'heated crawl space' causing the same to be cold and making the floors of the rooms above to be cold; that the same causes the plaintiffs to have a costly heating bill for the reason that the heating plant was constructed to provide a heated crawl space.

"8. That the plaintiff has been damaged as a result of the negligent acts and omissions of the defendant in breaching the said agreement and warranties; that plaintiffs will have to expend the sum of Five Thousand Two Hundred Eighty and no/100 Dollars ($5,280.00) to make the necessary repairs and improvements to make said structure conform to that contemplated in said agreement and to correct the defects hereinbefore mentioned."

Provisions of the attached contract material to the appeal will be set forth as they are discussed in the opinion.

Various motions were lodged against the petition, some of which

were sustained and others overruled. Insofar as possible, the plaintiff complied with the trial court's rulings. Without going into detail it may be said the third amended petition is entitled to a liberal construction. The applicable rules may be found in *Gibbs v. Mikesell,* 183 Kan. 123, 325 P. 2d 359; and *Wycoff v. Winona Feed & Grain Co.,* 187 Kan. 98, 353 P. 2d 979.

Where a general demurrer, as here, challenges the sufficiency of the entire petition to state a cause of action, the trial court does not err in overruling such demurrer if the pleading so challenged states a cause of action on any theory. (*Hickert v. Wright,* 182 Kan. 100, 319 P. 2d 152; *Gibbs v. Mikesell,* supra; *Shirk v. Shirk,* 186 Kan. 32, 348 P. 2d 840; *Morehead v. Rush,* 187 Kan. 624, 358 P. 2d 752; *Wycoff v. Winona Feed & Grain Co.,* supra; and *Voss v. Bridwell,* 188 Kan. 643, 364 P. 2d 955.

The appellant contends the appellees have not framed their petition upon a distinct and definite theory, but on a confusion of theories from which it cannot be determined under which theory recovery is sought. It is argued the appellees allege certain breaches of the contract, plans and specifications, none of which appears in the written contract attached to the third amended petition. The appellant argues under paragraph 7 the appellees allege oral warranties and "one year warranty" and suggest that perhaps the action is based on said warranties. The appellant says in the second paragraph of paragraph 7 the appellees suggest that the appellant was a trespasser and did certain negligent acts suggesting that perhaps this is an action on tresspass or tort. The appellant says in paragraph 8 the appellees allege they have been damaged as a result of "negligent acts and omissions of the defendant in breaching the said agreement and warranties."

It should be observed that at no time has the appellant requested the trial court for an order requiring the appellees to separately state and number their causes of action. Furthermore, if it can be said the third amended petition alleges more than one theory under which recovery is sought, the appellees have not been required at this point to elect upon which theory they will proceed.

At this point it cannot be said the confusion of theories, if any, is fatal to the third amended petition.

In paragraph 5 it is alleged the appellant had a duty to complete the construction of the house in a workmanlike manner and to use proper materials for the same. In the same paragraph the appel-

lees alleged the various things the appellant failed to do in performing the contract. The appellees cannot be precluded from alleging the appellant was negligent in the performance of the construction contract, where the appellant is required under the contract to perform in a workmanlike manner. (*Crabb v. Swindler, Administratix,* 184 Kan. 501, 337 P. 2d 986.)

In the *Crabb* case it was said:

". . . A breach of an implied warranty to use reasonable and appropriate care and skill, that is, to do a workmanlike job, usually results from the negligence or failure to use due care and skill in performing the particular work. . . ." (p. 505).

The court there held the torts or negligent acts alleged may be considered as allegations of the breach of the implied warranty.

The appellant seems to take the position that since the plans and specifications are not attached to the appellees' petition, they cannot recover on the contract. The appellant's reasoning is that the appellees are unable to show any provisions of the contract which have been violated.

The allegations of the pleading under attack disclose the facts and circumstances surrounding the signing of the contract; that the plans and specifications displayed to them by the appellant were not in the appellees' possession; and that the appellant displayed them to the appellees representing that they would be on file with the Capitol Federal Savings and Loan Association. The contract called for the plans and specifications to be on file with the Capitol Federal Savings and Loan Association, and it is not the appellees' fault that they do not have them to attach to their petition. The appellees should not be barred by the failure of the appellant to comply with the contract, or by the failure of the loan company to keep the plans and specifications. Under these circumstances the appellees could not be required to attach the plans and specifications to the petition.

If the written plans and specifications cannot be produced at the trial, the appellees are entitled to show by parol evidence what they contained since they are not available. In *Souder v. Tri-County Refrigeration Co.,* 190 Kan. 207, 373 P. 2d 155, it was said:

"The rule against the admission of parol evidence to contradict, alter or vary the terms of written instruments is not violated when such evidence does not contradict but explains or supplements indefinite or incomplete matters contained in the instruments, or when it tends to show the relation of the parties and the circumstances under which the instruments were executed." (Syl. 3.)

The third amended petition alleged the plans and specifications warranted said construction to comply with the current F. H. A. and G. I. requirements as to workmanship and materials.

The appellant in the trial court sought by motion to require the plaintiffs to set forth in their petition various matters of affirmative defense. On these points the trial court overruled the appellant. The appellant insists on pursuing these points on appeal. For example, it contends the appellees are barred from recovery because of the "EVIDENCE OF COMPLETION" clause in the contract executed by the parties. This clause in the contract reads in part:

"Completion and full performance by First Party shall be conclusively evidenced by any of the following, whichever shall first occur, and as applicable: (a) certification of final inspection by the Federal Housing Administration; (b) acceptance of completion by Mortgagee when no governmental agency is involved; (c) delivery of deed and possession as hereinafter provided; . . ."

As a part of the appellant's attack under the foregoing clause, it is contended the appellees have failed to allege performance on their part in order to maintain this action. A provision of the contract made it subject to the qualification of the appellees for a loan to be secured by the subject property. The contract provided that upon the loan being secured and completion of the construction, the balance of the purchase price would be paid. At the same time the deed would be delivered and possession given to the appellees.

The appellant contends there are no allegations that these further provisions were carried out, and not a single allegation that the appellees are the owners of the property involved.

The appellees allege they reside at 2719 James, Topeka, Kansas, and the contract after giving the legal description of the property adds, "being more commonly described as 2719 James." Under paragraph 2 the appellees allege under the written contract they agreed to buy the land and the structure to be placed on the property. In paragraph 7 they allege the balance of the purchase price was paid, after construction was completed, when the appellant agreed to correct certain defects within the "one year warranty."

Liberally construed the third amended petition shows performance on the part of the appellees.

The appellant next contends, if the petition is so construed, the appellees are estopped from maintaining this action by the terms of the contract itself. On this point they refer to the "EVIDENCE

OF COMPLETION" clause in the contract. The short answer to this argument is that no allegations in the petition show fulfillment of any of the three conditions for completion of the contract. In fact, the allegations are to the contrary. Before the purchase price was paid the appellees demanded that the appellant correct certain defects in workmanship and materials. The balance of the purchase price was paid only upon the appellant's promise to correct the defects in its performance. This promise by the appellant was made subsequent to the execution of the written contract, and it is not necessary on demurrer to determine its legal effect. Material to a determination of this appeal on demurrer is the allegation that performance by the appellant was not completed. The reason for full payment on the part of the appellees was adequately explained. Under these circumstances the appellees are not estopped.

This point was presented in *Linville v. Nance Development Co.,* 180 Kan. 379, 304 P. 2d 453. Under similar facts and circumstances the court there said:

". . . Appellant will not be permitted to induce appellee to enter into possession and to accept a deed, under the facts here existing, and then repudiate its agreement and assert estoppel against its grantee. . . ." (p. 386.)

All of the appellant's contentions have been carefully considered but are found to have no merit. Accordingly, the judgment of the lower court overruling the demurrer to the third amended petition is affirmed.