No. 45,505

ABBOTT CONSTRUCTION, INC., *Appellant,* v. ABILENE MOTORS, INC., and THE ABILENE NATIONAL BANK, *Appellee.*

(461 P. 2d 795)

Opinion filed December 6, 1969.

*Richard E. Blackwell,* of Salina, argued the cause, and was on the brief for the appellant.

*Robert H. Royer,* of Abilene, argued the cause, and was on the brief for appellee, Abilene Motors, Inc.

*William A. Guilfoyle,* of Abilene, was on the brief for appellee, The Abilene National Bank.

The opinion of the court was delivered by

FONTRON, J.: This action is one to foreclose a mechanic's lien against real estate owned by Abilene Motors, Inc., hereafter referred to as defendant or Abilene Motors. The lien claim is predicated on a written contract for the construction by the plaintiff, sometimes called Abbott herein, of an Armco steel building. The Abilene National Bank was joined as a party defendant solely because of its status as a mortgage holder. A motion for involuntary dismissal with prejudice was filed by Abilene Motors. This motion was sustained by the trial court, and the plaintiff has appealed.

So far as it is material to the question presented on appeal, Abbott's petition alleged the execution of a written agreement in which it, Abbott, was to erect the building for a price of $30,500. A copy of the contract was attached to the petition as an exhibit. Abbott further alleged it had completed the building as per contract and had also furnished, at defendant's request, more than

$1000 worth of extras, consisting of labor and materials; that Abilene Motors had paid slightly more than $28,000 on the contract and that altogether some $3500 remained due and owing. Additional allegations with respect to the filing of the lien itself are of no particular moment in this appeal.

No answer was ever filed to the petition, but Abilene Motors filed a "motion for a more definite statement" under the authority of K. S. A. 60-212 (e). In its motion, Abilene Motors asked that plaintiff be required to make its petition more definite and certain by furnishing all the plans, specifications and drawings which were referred to in the contract. This motion was sustained on July 25, 1966, and subsequently Abbott complied in part by providing the defendant with certain drawings.

Approximately two months later the defendant filed a motion for involuntarily dismissal pursuant to K. S. A. 60-241 ( b), the basis of this motion being that the plaintiff had not complied with the court's order of July 25, and that the defendant was unable to answer or plead until it had been supplied with the essential elements of the contract. In this motion it was averred also that Abbott had informally advised Abilene Motors that it was unable to provide the preliminary plans and drawings on which the petition was based. This motion was heard March 5, 1968, and on April 10, 1968, the court advised counsel by letter that the motion was sustained.

Thereafter Abbott filed a motion for clarification of the April 10 decision, in response to which a hearing was held and the court entered certain findings of fact which may be summarized as follows:

1. The contract made references to an attached proposal, to an attached drawing and to a basic drawing containing initial changes.

2. Plaintiff alleged it constructed the building in accordance with the contract.

3. The parties stipulated that the drawings were not available and could not have been submitted to defendant pursuant to the court's previous order.

Concluding its clarification the trial court spoke in this wise:

"The court felt, and would enlarge upon its letter previously noted, since the reliance in the petition was on a contract, that is was essential for the defendant to have in his possession the exhibits, drawings, and notations made thereon before he could adequately answer a contract action; and further, as the court stated at the hearing of the motion to which this ruling goes, the

court felt that the action should have been in the quantum class rather than contract."

Accepting the reasons given by the court for its decision, we think it clear that the involuntary dismissal of plaintiff's lawsuit was not of a punitive character, *i. e.*, that the dismissal was not imposed as a sanction under K. S. A. 60-237 (*b*) (2) for failure to comply with a judicial order. It appears to us that plaintiff's counsel spoke truly when, responding to a question posed at oral argument, he stated he was certain the court's order of dismissal was not intended to be a sanction. Accordingly, in assessing the merits of this appeal, we shall proceed on the basis that the dismissal of plaintiff's lawsuit was not predicated on a refusal to obey an order of the court.

The plaintiff takes the position in presenting its side of this appeal that the trial court's action deprived it of an opportunity to prove its case. In different words, Abbott argues that while it has the burden of establishing the terms of the construction contract, including the contents of the plans and drawings which were part thereof, it was nonetheless entitled to attempt such proof through the medium of parol evidence, it being admitted on both sides that the written documents were not available.

We find a good deal of merit in the plaintiff's point of view. It is of course true that, having alleged a cause of action based on contract, the plaintiff was required to prove the contract and its essential terms. However, the plaintiff is not to be precluded from attempting to sustain that burden of proof simply because some of the written instruments may have become lost and were thus unavailable. Secondary evidence relating to the contents of a written document becomes admissible as an exception to the hearsay rule when the writing, which would itself have been admissible, has been innocently lost or destroyed. This principle is found stated in 32A C. J. S., Evidence, § 823, pp. 164, 165, in these words:

"Secondary or parol evidence generally becomes admissible where the writing or record containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed, without the fault of the party desiring to prove the fact, when the original would be admissible, . . . and where, in the case of a lost instrument, the party has made a proper search for the instrument. . . ."

This rule was recognized by this court in the case of *In re Estate of Marcotte*, 170 Kan. 189, 224 P. 2d 998, where it was said:

"It is a further established rule that upon a proper showing that an original writing containing facts relevant to issues in the case has been lost or destroyed,

secondary evidence of its contents becomes admissible. In case of destruction of the original writing, the introduction of secondary evidence of its contents does not depend upon the manner in which the original was destroyed so long as the fact of its destruction is sufficiently established. . . ." (p. 193.)

In the more recent case of *Harrington v. Hess Construction Co.*, 191 Kan. 416, 381 P. 2d 519, we discover overtones quite similar to those in the case now before us. Harrington filed an action to recover damages resulting from an alleged breach of a contract to construct a house. In his petition Harrington alleged that certain plans and specifications displayed to him in an effort to induce him to sign the agreement were to be retained and preserved by a savings and loan association, which subsequently denied having them in its possession. The plans themselves were thus not available to Mr. Harrington.

A demurrer filed against the plaintiff's petition was sustained by the trial court. That action, however, was reversed on appeal, this court holding that the plaintiff should not be barred from his remedy by virtue of the loan company's failure to keep the plans safely. Under such circumstances we said that Harrington could not be required to attach the plans and specifications to his petition. In the course of its opinion the court expressed itself as follows:

"If the written plans and specifications cannot be produced at the trial, the appellees are entitled to show by parol evidence what they contained since they are not available. In *Souder v. Tri-County Refrigeration Co.*, 190 Kan. 207, 373 P. 2d 155, it was said:

" 'The rule against the admission of parol evidence to contradict, alter or vary the terms of written instruments is not violated when such evidence does not contradict but explains or supplements indefinite or incomplete matters contained in the instruments, or when it tends to show the relation of the parties and the circumstances under which the instruments were executed.' (Syl. 3.)"

Even though the defendant had alleged in its motion to dismiss that it was unable to answer or otherwise plead until the missing plans were furnished, it assumes a somewhat different stance in its brief, where it is contended there never was a completed contract —the argument being there was no meeting of the minds but that the understanding between Abbott and Abilene Motors was merely in the nature of an agreement to make an agreement.

We do not so read the contract which was pleaded. While reference is made to certain attached plans and drawings, which it is now agreed have been lost or misplaced, and thus unavailable,

the document itself is signed by both parties and bears the essential characteristics of a contract upon which agreement has been reached.

There is nothing in the circumstances of this case which, so far as we can see, would make it impossible for the defendant to respond to plaintiff's petition or, in due time, to bring the case to issue. There is naught to bar defendant from asserting a counter-claim or setoff for faulty workmanship or for breach of warranty. It may be appropriate to point out that so far as the record discloses, no discovery has been had, no depositions taken, no pretrial conferences held. At that stage in the proceedings we believe the trial court acted erroneously in denying the plaintiff the opportunity of proving the essential terms of the agreement, including the contents of the drawings, even though the burden of doing so might have been heavy.

For another reason we feel the trial court acted precipitately in dismissing this action on the basis set out in its order. The petition alleged that in addition to the contract items, the plaintiff provided other labor and material at the request of the defendant. These additional items were set out in detail in an exhibit and they constituted a substantial part of Abbott's claim. Recovery was sought for these "extras", as well as for the balance due under the contract. Abbott's inability to produce the original plans and drawings could scarcely prejudice the defendant in responding to the cause of action based on extra services provided at Abilene Motors' own request.

For reasons heretofore set forth, the judgment of the trial court must be reversed. This cause is remanded with directions to set the dismissal aside and to reinstate the action for further proceedings therein.