## SUPREME COURT.

### MERRILL agt. GRINNELL AND OTHERS.

The omission to specify the name of the *county* in which the plaintiff desires the trial to be had, in the complaint, is not a *mere irregularity*.

Such omission is not cured by the fact that the summons specifies the name of such county, nor is it waived by the defendant's obtaining an order for further time to answer such complaint.

The court will not, in such a case, fix the place of trial, nor will it pass upon that question until after issue is joined.

*New-York Special Term*, 1854.—The summons, by which the suit was commenced, specified the name of the county in which the trial was desired; but the complaint, which was afterward

served, wholly omitted to specify the name of such county. The defendants obtained three several orders extending the time to answer said complaint, each upon an affidavit stating, in substance, that the defendants intended to answer the complaint. The defendants now move to set aside the complaint as irregular, or that the same be amended by inserting the county of New-York as the place of trial.

JEREMIAH LAROCQUE, *for the motion.*
I. T. WILLIAMS, *opposed.*

MITCHELL, Justice. It is essential, for many purposes of the suit, that the place of trial should be clearly stated in the complaint. That determines where motions are to be made, as well as where the trial is to be had; both parties must be at a loss where to proceed until that is distinctly settled. The omission of a statement so important in its consequences is not like a mere irregularity, and the defendant must be entitled to have it amended in some way, even after an answer is put in. The obtaining of time to answer is not therefore a waiver of the irregularity. The statement of the name of the court in the summons has been held to dispense with the statement of it in the complaint; but the mere name of the county in the summons does not necessarily show that it is put there to indicate where the place of trial is to be. It may have been to show where the attorney, issuing the summons, resided; and this probably was its object in this case. Until the complaint was served the plaintiff could have substituted any county for the place of trial, notwithstanding this name in the summons. The irregularity in omitting the place of trial in the complaint is not therefore cured by reference to the summons. The complaint must be amended, or be stricken out as irregular. The amendment may be made without costs.

The defendant asks that the place of trial may be fixed in New-York, as most convenient to witnesses. Until the answer is put in, and issue joined, that question cannot be correctly passed upon. Until then, the court cannot judge what witnesses may be needed. It may be that the answer or reply

will dispense with the necessity of many of the witnesses on both sides. This part of the motion is denied, but without costs, and without prejudice to a new motion when issue shall be joined.