PERMELIA HAMILTON, *as Administratrix of the Estate of W. T. Hamilton, deceased*, v. A. V. COFFIN.

ACCOUNT BOOK — *Entry of Credit after Statutory Bar — Evidence.* An entry of credit, made in a book of accounts by a creditor upon an account with his debtor after a cause of action thereon is barred by the statute of limitations, is of itself insufficient to establish such a partial payment on the account as will take it out of the statutory bar.

*Error from Coffey District Court.*

THE opinion states the case.

*Manchester & Allen,* for plaintiff in error.

*J. I. Wolfe,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from the decision of the probate court rejecting a demand presented by Dr. A. V. Coffin against the estate of W. T. Hamilton, deceased.   The demand was a long account for medicines and medical services running from 1868, and which Coffin claimed was open and unsettled at the time of Hamilton's death, the occurrence of which is not definitely shown by the record, but must have been about the first of the year 1886.   The claim was filed in the probate court on August 27, 1886, and tried in the district court on April 11, 1888, without a jury.   To establish his demand, Coffin introduced in evidence a book of accounts in which was entered in his own handwriting an account against Hamilton. The first item in the account was dated June 1, 1868, and the last item entered as a charge is dated September 6, 1881.   The last item of credit entered, other than the one in dispute, is in 1876.   The last entry in the account is as follows: "1885, 8, 20, cash on above account, $2."   This entry is in the handwriting of Coffin, and which he testifies he made on August 20, 1885.   No other testimony was offered to establish the account, and the administratrix demurred to the evidence, but the demurrer was overruled and judgment given in favor of Coffin.

The only question presented is, whether the entry of credit in the book of accounts, made by the creditor himself after the statute has barred the account, is such an evidence of partial payment as will revive the claim and start the statute of limitations to running again.   Assuming that the account is correct, and that it was unsettled when the last charge was made, it appears that it had long been barred before the $2 credit was given in 1885.   It was not then a subsisting debt; and will a mere entry of credit by the creditor revive a barred debt and take the entire account out of the statute?   We think not.   Entries in books of account are admissible in evidence under certain circumstances, (Civil Code, § 387,) and an entry of charge or credit in a current mutual account that

was within the period of limitation would be evidence tending to take the entire account out of the statute; but where the statute has run, it is no longer an open account or a present or subsisting debt, and the creditor cannot manufacture evidence for himself by making an entry of credit upon an account on which the debtor was not liable when the entry was made. When a claim is barred, it is the act of the debtor, and not of the creditor, that will take it out of the statutory bar. An indorsement upon a note or other written obligation is the usual proof of a partial payment. Notwithstanding this, it is held that an indorsement of credit by a creditor upon a note after the statute has run affords no evidence of payment in favor of the payee, "for the reason that it is an *ex parte* declaration made by a party in his own favor; and no one is allowed to make evidence for himself." (*Easter v. Easter*, 44 Kas. 151.) The supreme court of Ohio, in determining a similar question to the one presented here, held that "the items of credit in the account book of the deceased, given after the statute had barred the action, constitute no evidence that it was the intention of the parties that the articles thus credited should be applied on the barred account as payment." (*Kaufman v. Broughton*, 31 Ohio St. 424. See also, *Oberg v. Breen*, 12 Atl. Rep. 203; *Acklen's Executor v. Hickman*, 60 Ala. 568.) In the absence of other evidence than the mere entry of a credit by Coffin in his book of accounts after that statutory bar against the account was complete, his claim was not established, and therefore the demurrer to the evidence should have been sustained.

The judgment of the district court will be reversed, and the cause remanded with the direction to sustain the demurrer to the evidence interposed by the plaintiff in error, and to give judgment in her favor.

All the justices concurring.