JOHN K. HASTIE *et al.* v. W. W. BURRAGE *et al.*
No. **13,711.**  ( 76 Pac. 268.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT— *Omission of Names of Court and County in Caption of Petition is Not Fatal, and May be Cured by Amendment.* A petition filed in the district court did not recite in its caption the names of the court and the county in which the action was brought, as required by section 87 of the code (Gen. Stat. 1901, § 4521). A præcipe for summons, properly entitled, was filed, and a summons in due form, notifying the defendants where the action was pending, was issued and served. *Held*, that the court had jurisdiction of the subject-matter and obtained jurisdiction of the parties by the service of the summons, and that no error was committed by permitting the petition to be amended by inserting in its caption the names of the court and the county where the action was pending.

2. EVIDENCE— *Books of Account of Agent Admissible to Prove a Payment.* An entry made upon the account-books of an agent of a payment made to him for his principal is competent evidence of the fact and nature of such payment as against the payor, when it has been shown that such entry was made at the time of the occurrence of the events and was correct.

3. LIMITATION OF ACTION— *The Payment, Not the Indorsement of it, Tolls the Statute.* It is the payment of a portion of a debt, and not the actual indorsement of such payment upon the instrument evidencing such debt, which tolls the statute of limitations.

Error from Sumner district court; C. L. SWARTS, judge. Opinion filed June 11, 1904. Affirmed.

*James Lawrence,* and *Levi Ferguson,* for plaintiffs in error.

*Herrick & Herrick,* and *Ivan D. Rogers,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action on a note and for the foreclosure of a mortgage given to secure the same. The petition nowhere in its caption or body

recited "the name of the court and the county in which the' action is brought," as provided in section 87 of the code of civil procedure (Gen. Stat. 1901, § 4521). It was, however, indorsed upon the outside "No. 9019, district court, Sumner county, Kansas," and was filed in that court. Upon a præcipe properly entitled, a summons was issued and duly served on the defendants. Conceiving that this summons was issued without authority and its service void and conferred no jurisdiction, because the petition lacked the proper caption, the defendants entered their special appearance and moved to quash the summons and set aside the service. Pending the consideration of this motion the plaintiff asked and obtained leave to amend the petition by writing at the head of it and above the names of the parties the names of the court and county in which the action was pending. The motion to quash and set aside the service was overruled, the court retained jurisdiction of the parties and subject-matter, and proceeded further in the cause. Defendants at all stages reserved this question, and now present it here as their first assigment of error.

The defendants contend that the statute in question is mandatory, and that the omission from the caption of the petition of the name of the court and county in which the action was brought was fatal to jurisdiction, the statute reading, as it does, that "the petition *must* contain" these statements, and that their omission would be fatal, as omitting entirely the venue of the action. An analogous question to this was presented in the case of *Butcher v. The Bank of Browns-ville*, 2 Kan. 70, 83 Am. Dec. 446, where it was held that the omission of the word "petition" from the caption, the insertion of which the statute makes equally mandatory, was not fatal, but might be cured by

36—69 KAN.

amendment. The defendants could in no way have been misled or prejudiced by the omission of which they complain. The summons fully informed them where the action was pending. All statutes of *jeofailes*, such as the provisions in our code of civil procedure which permit amendments of any pleading, process, or proceeding at any stage, in furtherance of justice, and require the disregard of errors and defects not going to the substantial rights of parties, amply justify the action of the court. (Civil Code, §§ 139, 140; Gen. Stat. 1901, §§ 4573, 4574; *Merrill v. Grinnell and others*, 10 How. Prac. 31; *Davison v. Powell*, 13 id. 287; *Hotchkiss v. Crocker, etc.*, 15 id. 336; 4 Encyc. Pl. & Pr. 592.) Besides, it will be borne in mind that the names of the court and the county were found upon the petition, not strictly in the caption, but upon the outside, where, for all purposes, they would be quite as efficient as though in the caption itself. We think that the amendment allowed, if any were necessary, was well within the power of the court.

Upon the trial the only litigated question was whether the statute of limitations had run on the note sued on so as to bar foreclosure. To toll the statute a payment of sixty dollars within the statutory period was relied on. A payment of this amount was admitted by the defendants. The plaintiff claimed that it was made as interest or, at least, as a general payment on the indebtedness. The defendants claimed that it was made not as interest or as a general payment, but for the specific purpose of discharging the taxes on the mortgaged land. This question was resolved by the jury in favor of the contention of the plaintiff, and we think correctly so, upon the evidence, if properly admitted. It is contended, however, that

improper evidence was admitted in proof of this issue. The payment was made to an agent of the owner of the note, who testified that it was for interest, and that he at the time of the demand made an entry to that effect upon books of the account which he kept as between himself and his principal.   These books were produced in court and,. after having been identified and the showing made that the entries were made at the time of the occurrence of the events therein shown, and were correct, were admitted in evidence over the objection of the defendants for the purpose of corroborating the agent's oral evidence as to the character of this payment.   This action is claimed to have been erroneous.   In one sense, they were books of account between the plaintiff and the defendants, and were no less so because the entry was made by the plaintiff's agent; and while in another sense, they were the books of account between the plaintiff and his agent, still they showed the condition of the account between the parties principal.   In either view, we think their admission well within the authority of section 387 of the code (Gen. Stat. 1901, § 4835).

This payment of sixty dollars was not actually indorsed upon the note until after the expiration of the time in which the statute of limitations would have run thereon, and it is claimed that such indorsement was necessary to toll the statute; that a mere· payment was not sufficient.   In support of this contention we are cited to the cases of *Hamilton v. Coffin*, 45 Kan. 556, 26 Pac. 42, and *Good v. Ehrlich*, 67 id. 94, 72 Pac. 545.   These cases do not sustain the contention of the plaintiff in error.   It is the payment of a part of the principal or interest, and not the indorsement of such payment upon the account or evidence of debt, which tolls the statute.   (Code, § 24; Gen. Stat. 1901, § 4452.)

After the execution of the mortgage in question the mortgagor conveyed the title of the mortgaged premises to his son, who did not assume the payment of the mortgage indebtedness. The payment relied on to toll the statute was made by the original mortgagor, and it was claimed that such payment would not avail to toll the statute as against the son, the holder of the legal title, and that the mortgage, therefore, could not be foreclosed as against him. This question has been settled against this contention by the case of *Jackson v. Longwell,* 63 Kan. 93, 64 Pac. 991, and several cases following.

We have looked into the other assignments of error and find them without merit.

The judgment of the district court will be affirmed.

All the Justices concurring.