JOHN FEAR, *Appellant*, v. THE FIRST NATIONAL BANK OF CLAY CENTER, *Appellee*.

No. 17,324.

SYLLABUS BY THE COURT.

INSTRUCTIONS—*Collateral Issue—Error*. It is reversible error to instruct the jury to determine a disputed question of fact which is only incidentally involved in the issues, and to base the verdict upon their finding as to such collateral issue.

Appeal from Clay district court. Opinion filed December 9, 1911. Reversed.

*R. C. Miller*, and *F. B. Dawes*, for the appellant.

*F. L. Williams*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant sued the bank to recover certain moneys which he claimed to have deposited and which the bank refused to pay. The bank answered

admitting that at various times the appellant had made deposits amounting to $1632.46, but alleged that from time to time he had checked out all his account except a small balance which it tendered in court. It specially denied that appellant a short time after the 2d day of January, 1909, deposited $250, or that he ever at any time made a deposit of that amount; and further alleged that by error the bank had inadvertently made an entry upon his pass book which indicated a deposit of that sum on the 19th day of January, 1909, but that no deposit of any amount was at that time made by appellant and that the entry was a mistake.

The jury returned a verdict for appellant for the small balance which the bank admitted to be due. The court overruled a motion for a new trial and rendered judgment in appellant's favor for $17.81, and taxed the costs which accrued subsequent to the filing of the answer against him. He appeals from the judgment and assigns as error the giving of certain instructions and the overruling of the motion for a new trial.

The only question of fact about which there was any dispute on the trial was in respect to the 250-dollar item of January 19, 1909. Was this entry a mistake, or was that sum of money deposited by the appellant? He testified that he went to Clay Center on that date with $250 in cash, which he had agreed to loan to a neighbor who was to meet him there; that after waiting until about noon and failing to meet the borrower he took the money and deposited it in the bank; that E. L. Lindner, assistant cashier of the bank, received the money and made the entry in appellant's book. The wife of appellant testified that she accompanied her husband to town on January 19, and that he had with him some bills, but she did not know the amount. C. M. Mugler testified that he had arranged with appellant for a loan and met him on that day at Clay Center shortly after noon; that they went to the bank and that appellant gave him a check for $250, in exchange for

which the bank gave the witness a draft for that sum. E. L. Lindner, assistant cashier, was a witness for the appellee and testified that he was in the bank on January 19, 1909. He testified also that he had searched the books of the bank and could find no deposit slip for the $250, nor any entry showing such deposit. He was afterward recalled to the stand and testified that since his first examination he had discovered that on the 19th day of January, 1909, he was in Kansas City, Mo.; that he left Clay Center on the 17th and did not return until about eleven o'clock at night on the 19th and was not in the bank until the 20th; that he made no entry in appellant's pass book on that date but made the entry sometime after his return from Kansas City. He did not recollect making it but knew that he made it. Several disinterested witnesses testified that he was in Kansas City all of the 19th, and it was shown that no other entries were made by him on any of the books of the bank on that date.

After defining the issues and instructing the jury with respect to the burden of proof, the preponderance, and the *prima facie* effect of entries made by officers of a bank in depositors' books, the court gave the following instruction, which is complained of:

"Plaintiff contends and has testified in support of his case, that on the 19th day of January, 1909, he made the deposit claimed by handing the money to E. L. Lindner, in person, and that E. L. Lindner then and there made the credit entry of the amount upon plaintiff's bank pass book. Upon this proposition much evidence has been offered tending to show that on the whole of the day of January 19th, 1909, the said E. L. Lindner was in Kansas City, Missouri, and physically absent from said bank the whole day, and upon this important branch of the case you are instructed that if you feel satisfied from the evidence that on the 19th day of January, 1909, that said E. L. Lindner was not in said bank, but was at Kansas City, Missouri, with Mr. Cultra and other persons transacting business in that city, then you must find against the plaintiff's conten-

tion as to the $250.00, and must return a verdict in favor of the plaintiff and against the defendant for the sum of $17.93; if, however, you shall be satisfied by a preponderance of the evidence that the said plaintiff did in fact deposit in said bank by handing to the said E. L. Lindner in said bank the sum of $250.00 as testified to by said plaintiff, then you would find in favor of the plaintiff and against said defendant in the sum of $269.65."

It is manifest that this instruction was erroneous. It directed the jury to determine first a collateral fact, which was only incidentally involved in the issues to be tried, and to rest their verdict upon that collateral fact. The whereabouts of E. L. Lindner on the 19th day of January was a circumstance, evidence of which was proper as tending to disprove the claim of the appellant; but it was not a question of fact the determination of which could be decisive of any material issue in the case. There was therefore no occasion for an instruction singling out the proof concerning his presence or absence on the particular day and commenting upon it any more than there would have been to mention the testimony of Mr. Mugler and specially direct the jury's attention to that.

The issue raised by the pleadings was not whether the disputed deposit was made on the 19th day of January, nor whether the entry in the pass book was made on that day, nor whether E. L. Lindner was in Kansas City or in Clay Center. The question of fact to be determined was whether the appellant deposited that sum of money to his credit in the bank. Suppose the bank had answered with a mere denial that on the 19th day of January, 1909, the appellant made a deposit of the sum of $250. This would have been the pleading of a negative pregnant and would not have amounted to a denial that he had made the deposit at some other time. Counsel who prepared the answer understood that the issue was not narrowed to whether the money

was deposited on the 19th day of January, 1909, and were careful to deny expressly that such a deposit was made on that day or at any time. Suppose the answer had been a general denial. The bank would hardly · have been willing to rest its case after merely proving that on that day E. L. Lindner was absent from the bank. It must be obvious that the bank would be liable if it received the deposit in controversy on the 19th, or at any other date, and the entry in appellant's book had been made at another day. The assistant cashier admits that he made the entry and that he must have done so at some later date than the entry purports to have been made. All the witnesses were testifying to what had occurred almost eleven months previous to the trial, and may have been misled as to the time when the entry was made by · the date in the pass book. It was established by overwhelming evidence that Mr. Lindner was in Kansas City on the 19th day of January; but the appellant may have been mistaken as to the date, just as Lindner himself was mistaken when he first testified that he was present in the bank on that day.

The appellant was entitled to have the verdict of the jury upon the issues raised by the pleadings and evidence, and the instruction deprived him of this right.

The judgment is reversed and a new trial ordered.