S. E. KEENER, *Appellant*, v. ROBERT LLOYD, as Executor, etc., *Appellee*.

No. 18,290.

### SYLLABUS BY THE COURT.

STATUTE OF LIMITATIONS — *Promissory Notes* — *Payments—Instructions*. In a controversy as to whether or not an action upon a promissory note was barred by the statute of limitations, in which it was claimed that a partial payment indorsed upon the note tolled the statute, and where there was testimony by the holder that a payment was made on the date of the indorsement, and also testimony of such payment by another witness who was unable to fix the particular day when it was made, an instruction to the effect that unless it was shown that the payment was made on the particular date of the indorsement the bar of the statute had fallen and no recovery could be had upon the note and the refusal of a request for an instruction that the action would not be barred if a payment had been made at or near the date of indorsement and within the statutory period of limitation was error.

Appeal from Clay district court. Opinion filed July 5, 1913. Reversed.

Keener v. Lloyd.

*F. B. Dawes,* and *R. C. Miller,* both of Clay Center, for the appellant.

*C. Vincent Jones,* and *F. L. Williams,* both of Clay Center, for the appellee.

The' opinion of the court was delivered by

JOHNSTON, C. J.: The principal question involved in this litigation was whether the action brought by the appellant, S. E. Keener, against the representative of John Lloyd, deceased, was barred by the statute of limitations. It was alleged by appellant that on January 26, 1903, John Lloyd executed a promissory note to appellant for $1700 and that subsequently he made four payments upon the note, as follow: on May 1, 1905, $475; on June 7, 1905, $300; on November 19, 1907, $90; and on November 18, 1909, $75. The bar had fallen unless a partial payment had been made by Lloyd within the statutory period. There is little controversy as to the two payments made in 1905, but the indorsements upon the note as of 1907 and 1909 are contested by appellee. If either of these was in fact made, the debt is not barred. On the back of the note indorsements as of 1907 and 1909 were written. Appellant testified circumstantially as to these payments and stated that the indorsements were entered on the note when the payments were made. Another witness testified as to circumstances tending to show that a payment was made on the note by Lloyd sometime after the first of June, 1909. He was not able to state positively the date on which the payment was made, but he testified that he returned from a Colorado trip on June 1, 1909, and that the payment was made in his presence after that time. The verdict of the jury was against appellant, which was, in effect, a finding that the action was barred. The appellant asked the court to instruct the jury that if the payments mentioned were made at or near the dates of indorsement, that they would operate to interrupt the running of the

staute of limitations. The court, however, instructed the jury:

"If you shall fail to be satisfied by a preponderance of the evidence that either on the 19th day of November, 1907, $90.00 was paid by John Lloyd upon this note, or that on the 18th of November, 1909, $75.00 was paid by John Lloyd upon this note, then your verdict would be for the defendant."

In charging that unless the evidence showed that a payment was made on one of the designated days the action was barred the court committed prejudicial error. While the date of an indorsement upon an instrument is *prima facie* evidence of the time at which the payment was made, and while appellant testified that the payments were made upon the dates shown by the indorsements, he was not concluded by the entries of indorsement, nor yet by his testimony as to the particular days of payment, and the debt would not be barred if the payments were really made and received at any time within the statutory period. (*Fear v. Bank,* 86 Kan. 140, 119 Pac. 539.) As was said in *Hastie v. Burrage,* 69 Kan. 560, 76 Pac. 268:

"It is the payment of a portion of a debt, and not the actual indorsement of such payment upon the instrument evidencing such debt, which tolls the statute of limitations." (Syl. ¶ 3.)

Testimony was offered with a view of proving that the parties were not together on November 18, 1909, the date of the last indorsement upon the note, and the jury may have believed that appellant was mistaken as to a payment on that day and yet have been satisfied that a payment was made on another day of that year. One witness, as we have seen, testified as to a $75 payment made in the latter part of that year, but was not certain as to the date of payment. The payment might be fixed in the memory of the witness by some circumstance and yet the day of the year when it was made take no hold on his mind. If, as he testified, a

payment was made in the latter part of the year of 1909, whether before or after November 18, 1909, it would operate to toll the statute. It can hardly be said that the appellant's position compels a holding that the payments were made on the dates of the indorsements or not at all, as he requested an instruction that a payment at or near the date of the indorsement would take the note out of the statute of limitations.

We think it can not be said that the omission or error was without prejudice, and therefore the judgment of the district court will be reversed and the cause remanded for a new trial.