(256 P.3d 872)
No. 103,038

CHRISTOPHER MCDANIEL and NANCY MULBERRY f/k/a NANCY MCDANIEL, *Appellants*, v. SOUTHWESTERN BELL, INC., JOHN DOE 1 and JOHN DOE 2, *Defendants*, and SOUTHWESTERN BELL TELEPHONE, L.P., *Intervenor/Appellee.*

Opinion filed April 29, 2011.

*Steve R. Fabert* and *Justice B. King*, of Fisher, Patterson, Sayler & Smith, L.L.P., for appellants.

*Jeffrey A. Chubb*, of Scovel, Emert, Heasty, Chubb & Gettler, of Independence, and *Bruce A. Ney*, of AT&T Services, Inc., of Topeka, for appellee.

Before GREENE, C.J., PIERRON and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.: After obtaining a default judgment against the wrong corporation, the appellants tried to amend their pleadings to name the correct corporation under K.S.A. 60-215(b). The district court denied their request. Because K.S.A. 60-215(b) does not allow amendment of the pleadings after default judgment, we affirm.

## FACTS

This case began in July 2001 when Christopher McDaniel tripped over an uncovered telephone wire while playing catch and injured his wrist. McDaniel sent a claim to Southwestern Bell's Claims Center in Mission, Kansas, and a claim number was assigned. However, he received no further information from the

Claims Center, so in June 2003, McDaniel and his mother Nancy McDaniel (the McDaniels) filed this lawsuit alleging negligence. They also added a claim of bad faith based on the lack of any response from the Claims Center. The McDaniels named Southwestern Bell, Inc., and John Doe 1 and John Doe 2 as defendants. They alleged at one point in their petition that "John Doe 1 or 2, may be a different name for the intended Defendant, Southwestern Bell, Inc. and Plaintiff has made every effort to appropriately find and name said Defendant. Additionally, upon information and belief at all times material hereto, Defendant, John Doe 1 or 2, is believed to be an employee of Defendant, Southwestern Bell, Inc." At another point, they claimed that the cable line was "connected, by John Doe, an employee of Defendant, Southwestern Bell, Inc." Later they alleged, "Plaintiff's, charge that, Defendant, John Doe, was an employee of the Defendant/employer, Southwestern Bell, Inc., and was acting within the scope of his employment . . . ."

Next, the McDaniels attempted to serve the petition.

- In June 2003, they served Mr. Carl Anderson, Resident Agent for Southwestern Bell, Inc., by mail at 1030 North Market Street, Unit 228, Wichita, Kansas. The summons was returned with the following note handwritten on the face of the summons, "They do not live here and never did. I am the owner." It was signed by Glenda Foster.

- In August 2003, they served an "Alias Summons" by mail on The Corporation Company, Inc., in Topeka, Kansas, which promptly advised the McDaniels that it did not represent Southwestern Bell, Inc.

- Also in August 2003, they served an "Alias Summons" by mail addressed to "Southwestern Bell Claims" and directed service simply to its office in Mission, Kansas. No particular individual was named on the summons. This was apparently accepted by an employee at that facility, who signed as "agent" for "SWBT."

No other service attempts were made. No answers were filed in the case. In January 2004, the McDaniels sent a notice of hearing addressed solely to "Southwestern Bell" at the claims office ad-

dress, Mission, Kansas. When no one appeared for the defendants, and with no further notice, in February 2004, they obtained a default judgment against the defendants, Southwestern Bell, Inc., and John Doe 1 & 2 for over $500,000.

Next, the McDaniels initiated a garnishment action to collect the judgment. They named AT&T Services, Inc., as the judgment debtor. The action was quashed by the district court because the McDaniels did not have a judgment against AT&T Services, Inc. Their judgment was against Southwestern Bell, Inc. The district court's decision was upheld by another panel of this court in *McDaniel v. Southwestern Bell, Inc.*, No. 97,248, unpublished opinion filed August 3, 2007, *rev. denied* 285 Kan. 1174 (2007). The court concluded:

"The confusion began in this case when judgment was mistakenly entered against John Doe defendants; if the judgment had been limited to one or more known corporate entities, there would have been no confusion in the enforcement proceedings. Entry of judgment against two John Doe telephone companies, with the anticipation of garnishing various telephone companies until successful, is contrary to the inherent due process rights of those whose accounts may be subjected to this shotgun approach." Slip op. at 9-10.

In May 2006, during the course of the garnishment action, the McDaniels learned that the proper party in the case should have been Southwestern Bell Telephone, L.P., and process should have been served on its registered agent, Tim Pickering. The McDaniels discovered that Southwestern Bell, Inc., had been a defunct corporation for at least 6 years prior to the filing of the lawsuit.

For the next several years the McDaniels tried to figure out how to make Southwestern Bell Telephone, L.P., responsible for the default judgment. They ultimately filed a motion to amend the pleadings under K.S.A. 60-215(b).

Over 5 years after the default judgment was entered, the district court denied the McDaniels' motion to amend the default judgment finding that a "constructive notice theory" regarding service of process did not relieve the McDaniels of the duty to obtain proper service on Southwestern Bell Telephone, L.P., a public utility, under K.S.A. 60-305 and, regardless, K.S.A. 60-215(b) does not allow substitution of parties post default judgment. This appeal

followed. Southwestern Bell Telephone, L.P., filed a cross-appeal arguing that the McDaniels were barred from amending their petition based on theories of collateral estoppel and res judicata related to the prior AT&T garnishment decision and that the McDaniels had failed to serve Southwestern Bell Telephone, L.P., a public utility, as required by K.S.A. 60-305.

*K.S.A. 60-215(b) does not allow amendments to the pleadings after a default judgment has been entered*

The overriding issue in this case is whether the McDaniels should be allowed to amend their pleadings, including the related default judgment, to reflect Southwestern Bell Telephone, L.P., as the intended defendant for Southwestern Bell, Inc., pursuant to K.S.A. 60-215(b).

The amendment of pleadings in Kansas is governed by K.S.A. 60-215. The McDaniels argue that based upon K.S.A. 60-215(b) and (c), they should be allowed to amend their pleading postjudgment to substitute the name of Southwestern Bell Telephone, L.P., for Southwestern Bell, Inc., a defunct corporation, and have that amendment relate back to their filing and default judgment in this case.

Interpretation of a statute is a question of law over which this court has unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Padron v. Lopez*, 289 Kan. 1089, 1097, 220 P.3d 345 (2009). When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271-72, 202 P.3d 7 (2009).

K.S.A. 60-215 allows a party to file an amended pleading in certain situations. Subsection (a) sets forth the requirements for when

a pleading may be amended before trial, while subsection (b) provides guidelines for amendments during and after trial. Although K.S.A. 60-215 was amended after the district court's decision in this case, the relevant provisions of K.S.A. 60-215(b) in effect at that time of the court's decision provided:

> "*Amendments to* **conform to the evidence.** When issues not raised by the pleadings are **tried** by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to **conform to the evidence** and to raise these issues may be made at any time, even after judgment; but failure so to amend does not affect the result of the **trial** of these issues. If evidence is objected to **at the trial** on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits." (Emphasis added.)

By its clear language, K.S.A 60-215(b) applies to amendments after a case has actually been tried. It allows amendments to the pleadings to conform to the evidence presented at trial. Amendments postjudgment would be allowed in such circumstances because the parties have had a clear opportunity to address all the issues at a trial.

It is the long-standing policy of our courts that the law favors the determination of disputed claims on the merits. *Wilson v. Miller*, 198 Kan. 321, 322, 424 P.2d 271 (1967). With a default judgment, there has been no trial on the merits. There has been no opportunity to present evidence. Subjecting parties to a judgment who have not had a chance to fully litigate the issues stands in sharp contrast to this policy.

The McDaniels cite several cases where amendments were allowed after the wrong defendant had been named in the pleading. However, none of the cases cited involved a situation where, as here, the amendment is attempted after a default judgment has been entered. Nor can this court locate any Kansas cases in which amendments were proposed or allowed after a default judgment was final.

Certainly there are times when a plaintiff discovers that the wrong party has been named, additional parties should be added, or substitution of parties is required. Kansas statutes do provide some relief in such situations. K.S.A. 60-255 allows a court to set aside a default judgment for good cause shown and in accordance with K.S.A. 60-260(b). K.S.A. 60-260(b) allows the court to relieve a party from final judgment for reasons of mistake or inadvertence. However, the motion must be made within 1 year after the judgment is final. K.S.A. 60-225 specifically allows substitution of parties in certain limited circumstances.

In this case, however, the McDaniels are seeking to amend their pleadings after default judgment pursuant to K.S.A. 60-215(b). We find that based upon a clear reading of the statute, such an amendment is not allowed.

*K.S.A. 60-215(c) has no application unless an amendment is allowed under subsections (a) or (b)*

The McDaniels argue that Southwestern Bell Telephone, L.P., had "constructive notice" of the lawsuit and service of process should be imputed to Southwestern Bell Telephone, L.P. In other words, Southwestern Bell Telephone, L.P., knew or should have known that this was just a mistake concerning the identity of the proper party. The McDaniels interpret K.S.A. 60-215(c) to mean that, based upon this, they are allowed to amend the pleadings to substitute Southwestern Bell Telephone, L.P., and have it relate back to their original filing.

K.S.A. 60-215(c) states in relevant part:

"An amendment of a pleading relates back to the date of the original pleading when:

. . . .

(2) the amendment changes the party or the naming of the party against whom a claim is asserted . . . [and] the party to be brought in by the amendment: (A) Has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

By its clear language, for K.S.A. 60-215(c) to apply we must first make the threshold determination of whether an amendment

should be allowed under subsections (a) or (b). It is only if the amendment is otherwise allowed that subsection (c) would be examined to determine if that amendment relates back to the original filing. Subsection (c) does not independently authorize an amendment. Therefore, since we have already determined that K.S.A. 60-215(b) does not allow an amendment in this case, K.S.A. 60-215(c) simply does not apply.

Consequently, the district court did not err in denying the McDaniels' motion to amend their pleadings. In light of this determination, the McDaniels' remaining issue regarding the district court's refusal to allow discovery to identify the assets of Southwestern Bell Telephone, L.P., is moot. In addition, Southwestern Bell Telephone, L.P.'s cross-appeal arguing that this court's decision in *McDaniel v. Southwestern Bell, Inc.*, serves as a bar to the McDaniels' claims against it and its argument concerning service of process on a public utility are also moot.

The judgment of the district court denying the McDaniels the opportunity to amend their pleading post default judgment is affirmed.