NOT DESIGNATED FOR PUBLICATION

No. 112,193

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

POLLY WILSON, *et al.*,
*Appellants*,

v.

LARNED STATE HOSPITAL, *et al.*,
*Appellees*.


MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed March 18, 2016. Reversed and remanded with directions.

*Caleb Boone*, of Hays, for appellants.

*Kimberly M.J. Lynch*, special assistant attorney general, of Kansas Department for Aging and Disability Services, of Topeka, for appellees Larned State Hospital, Secretary of KDADS, Superintendent of Larned State Hospital, Holly Hertel, and Karen Brown Soden.

*Ronald D. Smith*, of Smith & Burnett, L.L.C., of Larned, for appellee Jasenthu L. Fernando, M.D.

*Gregory S. Young* and *Brian L. White*, of Hinkle Law Firm, L.L.C., of Wichita, for appellee Nurul Hoque, M.D.


Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.


*Per Curiam*:  The Ellis County District Court dismissed this medical malpractice action with prejudice because the plaintiffs' amended petition failed to list in the caption all of the defendants identified in the body of the pleading. Whether we review the ruling

1

for legal error or for an abuse of discretion, the district court was wrong. We, therefore, reverse and remand with directions that the action be reinstated.

This case arises from apparently tragic circumstances. Dustan Wilson was admitted and treated at Larned State Hospital for mental illness. Shortly after he was discharged from the hospital, he committed suicide. He was 28 years old. Because the district court dismissed the action before any discovery had been done, we really know little else about the underlying facts. We have before us a question of civil procedure and that's all. Our discussion on that issue should not be taken to suggest anything about the merits of the claim. The obvious tragedy lies in the grief of a family having to say goodbye too soon to a young adult.

Polly Wilson, Dustan's mother, filed a petition on behalf of her son's estate and as the legal representative of his minor daughter alleging various physicians and other healthcare providers negligently treated and released Dustan proximately causing his death. The petition was filed with the Clerk of the Ellis County District Court by fax on May 14, 2013, literally minutes before the statute of limitations arguably would have run. The body of the petition identified more than 20 defendants, but the caption listed only three—the hospital itself, the superintendent of the hospital, and the Secretary of the Kansas Department of Social and Rehabilitation Services. Before any of the defendants filed responsive pleadings or motions, Wilson filed an amended petition. The amended petition listed the hospital, its superintendent, and the Secretary of the Kansas Department of Aging and Disability Services in the caption and identified more than 20 defendants in the text.

As we understand the record, Wilson successfully served only some of the defendants with process. Various defendants filed either answers or motions to dismiss. The defendants named in the caption argued they were not proper parties or lacked the capacity to be sued and should be dismissed. Several defendants suggested the amended

2

petition should be dismissed because most of the defendants were not listed in the caption. The district court held a hearing on the defense motions on December 4, 2013, and instructed Wilson to file a motion to amend adding the State of Kansas as a party if she wished to proceed under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, since the State operates the hospital. The district court continued the hearing so Wilson could respond to a brief some of the defendants had filed that day.

On January 10, 2014, Wilson filed a motion to amend that set out various changes she intended to make in what would be a second amended petition. The changes did not expressly include naming all of the defendants in the caption. Wilson did not include a copy of the proposed second amended petition with her motion, contrary to the customary practice. The statute outlining the procedure for amending pleadings does not require a copy of the proposed pleading be submitted with a motion to amend. See K.S.A. 2015 Supp. 60-215. We are aware of no court rule imposing such a requirement on the parties in this case.

On April 23, 2014, the district court entered a seven-page memorandum decision dismissing this case because Wilson had not filed a petition listing all of the identified defendants in the caption. The district court had never ruled on Wilson's motion for leave to file a second amended petition. Wilson has timely appealed the district court's decision.

The district court relied principally on K.S.A. 2015 Supp. 60-210(a) in dismissing Wilson's suit. The statute states:

> "Every pleading must have a caption with the court's name, a title, a file number and a designation as in subsection (a) of K.S.A. 60-207, and amendments thereto. The title of the petition must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."

Although the memorandum decision does not say the dismissal is with prejudice, we believe that it necessarily was. See K.S.A. 2015 Supp. 60-241(b)(1) (if defendant moves to dismiss because plaintiff "fails . . . to comply with this chapter[,]" court-ordered dismissal with prejudice unless order states otherwise). Accordingly, the plaintiffs may not refile their claims and face an insuperable legal bar to having them decided on the merits.

The issue on appeal arguably turns on the proper interpretation of K.S.A. 2015 Supp. 60-210(a) and, thus, presents a question of law over which we exercise unlimited review without deference to the district court. See *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012); *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). But district courts exercise considerable latitude in managing cases and dockets, so this decision to dismiss is arguably a discretionary call that we would review for abuse of discretion. See *Holt v. State*, 290 Kan. 491, 497-98, 232 P.3d 848 (2010) (recognizing inherent authority to control docket); *Harsch v. Miller*, 288 Kan. 280, 288, 200 P.3d 467 (2009) (recognizing authority to manage case). A district court abuses its discretion by ruling in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Here, however, the labeling of the standard may have more academic than practical significance. Any abuse of discretion would rest on the district court's misapplication of the proper legal framework—an error that often overlaps with a pure mistake of law, as it would regarding the construction of K.S.A. 2015 Supp. 60-210.

The district court's ruling is at cross-purposes with the fundamental goal of the civil justice process in security resolution of disputes on their merits. See *Jenkins v.*

4

*Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978) ("[A] court should resolve any doubt in favor of the motion [to set aside a default judgment] so that cases may be decided on their merits."); *Sharp v. Sharp*, 196 Kan. 38, 41-42, 409 P.2d 1019 (1966) ("The law favors trial of causes upon the merits and looks with disfavor upon default judgments."); *McDaniel v. Southwestern Bell, Inc.*, 45 Kan. App. 2d 805, 809, 256 P.3d 872 (2011), *rev. denied* 293 Kan. 1107 (2012) ("It is the long-standing policy of our courts that the law favors the determination of disputed claims on the merits."). Absent substantial prejudice to a party, the courts are reluctant to impose judgment in that party's favor because of an opposing party's initial failure to comply with a procedural rule, since that ignores the merits of the underlying legal dispute. Here, none of the defendants could claim material prejudice from the way they have been identified in the petition or the amended petition. Although most of them have been omitted from the captions of the petitions, they have been plainly identified in the body of the pleadings as defendants.

The Kansas Code of Civil Procedure contemplates a preference for adjudicating cases on their merits rather than technicalities. See K.S.A. 2015 Supp. 60-102 (code should be "liberally construed . . . to secure the just, speedy and inexpensive determination of every action and proceeding"); K.S.A. 2015 Supp. 60-208(e) ("Pleadings must be construed so as to do justice."); K.S.A. 2015 Supp. 60-261 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Although we have not found a factually comparable case, the Kansas Supreme Court has consistently declined to construe pleadings to impose outcome determinative consequences on parties for technical irregularities. See *Baska v. Scherzer*, 283 Kan. 750, 755, 156 P.3d 617 (2007) (noting "[t]he law of this state is realistic. Substance prevails over form," when finding the plaintiff intended to bring an action for assault and battery rather than negligence.); *Gibbs v. Mikesell*, 183 Kan. 123, 133, 325 P.3d 359 (1958) ("[T]he function of a petition is to advise the defendant precisely what plaintiff claims against him." In construction of petition for purpose of determining its effect, allegations must be liberally construed with

5

a view to substantial justice between the parties.); *Hastie v. Burrage*, 69 Kan. 560, 561-62, 77 Pac. 268 (1904) (omission of name of court and county from caption of petition deemed correctable defect; "[t]he defendants could in no way have been misled or prejudiced by the omission," since the information was included in the summons).

This court has fashioned a three-part test to determine whether a district court has properly dismissed a case *without prejudice* because of the plaintiff's failure to timely prosecute the action. *Fischer v. Roberge*, 34 Kan. App. 2d 312, 315, 120 P.3d 796 (2005); *Namelo v. Broyles*, 33 Kan. App. 2d 349, 356-57, 103 P.3d 486 (2004), *rev. denied* 279 Kan. 1007 (2005). The test offers guidance by way of analogy in that the grounds for dismissing a case with prejudice ought to be at least as stringent as those for dismissing without prejudice, thereby allowing a plaintiff to refile the case. In dismissing for a failure to prosecute, this court considers:  (1) prejudice to the opposing party from the failure; (2) interference with the judicial process; and (3) the culpability of the litigant. *Fischer*, 34 Kan. App. 2d at 315; *Namelo*, 33 Kan. App. 2d at 355-56.

Those considerations weigh heavily against the district court's ruling. As we have said, the defendants have not been prejudiced in their ability to argue their cause on the merits because only a few of them have been named in the caption of the pleadings. The first factor cuts against dismissal. The third factor, addressing culpability of the litigant, bears on fault that may be attributed either to Polly Wilson in her capacity as the legal representative for the two plaintiffs—Dustan's estate and his surviving minor daughter—or to her lawyer. Nothing in the record suggests Polly Wilson bears any direct responsibility for her lawyer's foul-ups. But the lawyer's inability or unwillingness to name all of the defendants in the caption of the pleadings seems inexplicable. There is nothing confusing or complicated about the requirement in K.S.A. 2015 Supp. 60-210(a). It sets forth an elementary principle of civil procedure. Even if there were no statute, common sense suggests all of the parties ought to be named in the caption of the pleading

initiating a civil action. This consideration is mixed in the sense Wilson is not at fault but her lawyer has failed to comply with a basic rule.

As to the remaining factor, there hasn't been significant interference with the judicial process to this point. While the lawyer's failure to file a petition or amended petition conforming to K.S.A. 2015 Supp. 60-210 may be disquieting on some level, it hasn't stymied the overall progress of the litigation. Moreover, the district court never entered an order specifically directing Wilson to file a petition complying with K.S.A. 2015 Supp. 60-210. We presume that sort of directive might have been part of an order granting Wilson's motion to file a second amended petition that remained pending when the district court dismissed the case. The failure to comply with such an order would have warranted sanctions that arguably include a monetary penalty on Wilson's lawyer, dismissal of the case, or both. See *In re Marriage of Wilson*, 43 Kan. App. 2d 258, 266, 223 P.3d 815 (2010); *Knutson Mortgage Corp. v. Coleman*, 24 Kan. App. 2d 650, 652-53, 951 P.2d 548 (1997); *Patterson v. Allstate Ins. Co.*, No. 92,697, 2005 WL 1661485, at \*2 (Kan. App. 2005) (unpublished opinion) ("The draconian sanction of dismissal with prejudice is justified by a party's wilful and intentional disobedience of a direct court order."). Here, Wilson flouted no court order. The parties were able to proceed with the litigation despite the absence of some of the defendants from the captions on the petitions.

Taking account of all of the circumstances, we find insufficient legal bases for the district court to have entered an order dismissing Wilson's action with prejudice because some of the defendants were not named in the caption of the petition or the amended petition. The decision went outside the appropriate legal framework under which a district court could dismiss a civil case with prejudice for failure to comply with a procedural rule.

7

We recognize that K.S.A. 2015 Supp. 60-210(a) is written as a mandatory requirement. The statute, however, imposes no sanction or penalty for a failure to comply, unlike, for example, K.S.A. 2015 Supp. 60-237(b)(2) that permits a district court to strike a party's pleadings for disregarding a discovery order. Although K.S.A. 2015 Supp. 60-210(a) exists, in part, to give fair notice to defendants, we question whether that is even the primary purpose. We expect most people served with process would examine the summons and the attached petition in some detail. If the body of the petition identified them as defendants and recited some purported wrongdoing on their part, we doubt they would forgo responding or seeking legal advice because they hadn't been listed in the caption. Moreover, the summons itself informs the recipient he or she is a defendant in a legal action and sets out the deadline for responding. See *Hastie*, 69 Kan. at 561-62.

We think the statutory requirement more likely is primarily for the benefit of outsiders to the litigation. For example, court clerks need not wade through petitions to pick out defendants if the parties are named in the captions. That facilitates the compilation of litigation indexes, among other things. Likewise, someone trying to determine if a particular person or entity has been sued need look only at the caption of a petition to confirm as much. Those inquiries may be pertinent to title searches, credit checks, or similar investigations.

Ultimately, a plaintiff ought to be required to comply with K.S.A. 2015 Supp. 60-210(a) to serve the interests the legislature intended to protect. But absent either substantial prejudice to an opposing party from the failure or defiance of a direct court order for compliance, dismissal of defendants omitted from the caption is too harsh a sanction. And even then a district court ought to consider alternative penalties to compel compliance.

8

Finally, we recognize an entirely different and, perhaps, more prosaic reason the district court could not have ordered dismissal of the amended petition for failure to comply with K.S.A. 2015 Supp. 60-210(a). The statute requires the defendants to be named in the caption of a petition. Here, there were defendants named in the caption of the petition and the amended petition—just not all of them. We fail to see how a petition with defendants named in the caption can be dismissed for failing to name defendants in the caption.

The district court did not simply dismiss from the action those defendants left off the caption; it dismissed the action. While the defendants named in the caption had asserted various defenses, such as lack of capacity and failure to state a proper claim, the district court neither ruled on those defenses nor dismissed the defendants on those grounds.

Accordingly, we find the district court either misapplied K.S.A. 2015 Supp. 60-210(a) as a matter of law or abused its discretion in applying an off-kilter legal framework to dismiss Wilson's amended petition. We, therefore, reverse the district court's order dismissing the amended petition and remand with directions that the district court reinstate the action and otherwise proceed in a manner consistent with this decision.

The district court entered a separate order dismissing Dr. Jasenthu L. Fernando as a defendant. Wilson has not challenged that order on appeal. So the dismissal of Dr. Fernando is unaffected by our decision. But on remand, Wilson's request to amend to add Dr. Wineetha Fernando, Jasenthu's wife, as a defendant entails unresolved issues.

Reversed and remanded with directions.

9

\* \* \*

BUSER J., dissenting:  I dissent from the majority's judgment.

At the outset, I agree with three important findings made by my colleagues. First, I agree that "K.S.A. 2015 Supp. 60-210(a) is written as a mandatory requirement." That compulsory obligation requires that the "title of the petition *must name all the parties*." (Emphasis added.) Slip op. at 7. K.S.A. 2015 Supp. 60-210(a). Second, I concur with the majority's view that "a plaintiff ought to be required to comply with K.S.A. 2015 Supp. 60-210(a) to serve the interests the legislature intended to protect." Slip op. at 8. Third, I agree with my colleagues that, in this case, counsel for the plaintiffs' "inability or unwillingness to name all of the defendants in the caption of the pleadings seems inexplicable. There is nothing confusing or complicated about the requirement in K.S.A. 2015 Supp. 60-210(a). It sets forth an elementary principle of civil procedure. . . . [C]ommon sense suggests all of the parties ought to be named in the caption of the pleading initiating a civil action. . . . [Wilson's] lawyer has failed to comply with a basic rule." Slip op. at 6.

Given Wilson's baffling failure to comply with the mandatory requirement of K.S.A. 2015 Supp. 60-210(a), what is the appropriate remedy? My colleagues suggest that dismissal of the petition was "too harsh a sanction." Slip op. at 8. I disagree. Inattention to the Kansas Code of Civil Procedure by Wilson's counsel has caused this litigation to be long and difficult. In this context, given Wilson's counsel's repeated failure to rectify the inadequacies of the amended petition, I am unable to find that he has shown the district court's remedy was an abuse of discretion. See *Northern Natural Gas Co. v. ONEOK Field Services Co*., 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013). (The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion.).

10

Wilson's counsel filed this lawsuit on May 14, 2013, only minutes before the expiration of the statute of limitations. Only 3 defendants were listed in the caption, but 23 defendants were named throughout the body of the 7 page petition. The three defendants listed in the caption of the petition were "Larned State Hospital; Kansas Secretary of SRS; and Superintendent or Director of Larned State Hospital, *et al.*" Almost 3 months later, on August 9, 2013, Wilson's counsel filed an amended petition which deleted "Kansas Secretary of SRS" and substituted "Kansas Secretary of Aging and Disability Services" as a party defendant in the caption. With this amended filing, 25 defendants were now named throughout the petition, yet only 3 were listed in the caption. Notably, of the 25 individuals named as defendants, Wilson's counsel only issued summonses on 6 defendants.

On September 30, 2013, the defendants filed a motion to dismiss citing, among other grounds, that Wilson's counsel had failed to name the individual defendants in the caption of the petition in violation of K.S.A. 2015 Supp. 60-210(a). Oral arguments were heard on the motions to dismiss and the district court took the motions under advisement.

Over 3 months later, on January 10, 2014, Wilson's counsel filed a motion to amend the petition. Of particular importance, the motion sought to substitute the State of Kansas for certain defendants named in the body of the petition. This motion was filed because, as Wilson's counsel concedes on appeal "[t]he State of Kansas should have been named as a [d]efendant in the caption of the original [p]etition. The [p]etition simply and clearly (albeit legally erroneously, due to statutory immunity) stated that the Larned State Hospital and State of Kansas Larned State Hospital employees were being sued."

However, as of the date of the district court's decision dismissing the petition, April 23, 2014, according to the district court: "In the original complaint, amended complaint, and in plaintiff's motion to amend the complaint, plaintiff *never* seeks

11

permission to amend the caption to name either the State of Kansas or any of the individuals referenced in the body of the complaint." (Emphasis added.)

In summary—during almost 1 year of litigation—from May 14, 2013, (the date the original petition was filed) until April 23, 2014, (the date the amended petition was dismissed), Wilson never sought to amend the petition to add the names of the individual defendants or the putative proper party, State of Kansas, to the case caption. On appeal, Wilson characterizes the failure to identify the State of Kansas in the caption of the petition as a "minor defect in the [p]leadings." Yet, nowhere in his briefing has Wilson's counsel provided any explanation regarding why this omission occurred or why it was not timely rectified.

Moreover, Wilson's counsel's inattention to Kansas civil procedure was further exemplified by his concession in the district court that the three defendants actually identified in the case caption were not even subject to being sued in this matter under Kansas law. In fact, during oral arguments before the Court of Appeals on January 16, 2016, Wilson's counsel reiterated that the three governmental entities erroneously listed as defendants in the caption of the petition were, as of that date, still improperly named as defendants in the caption of the petition. Once again, on appeal, Wilson's counsel has failed to offer any reason or good cause for this serious pleading error or his failure to promptly correct it.

Simply stated, over 2 1/2 years since this litigation began, not only had the multitude of defendants mentioned in the body of the petition not been named in the caption of the petition, as mandated by K.S.A. 2015 Supp. 60-210(a), the three defendants Wilson's counsel identified in the caption were erroneously named as the defendants who allegedly committed "psychiatric malpractice or medical negligence" resulting in the death of Dustan Wilson.

12

Given the careless and error-prone actions and omissions by Wilson's counsel throughout this lengthy litigation, the district court did not err in finding:

> "This court has been left with a most difficult task in reaching a decision on the motions to dismiss. This court understands that pleadings should be liberally construed to allow plaintiff the opportunity to pursue a cause of action and receive her day in court. In addition, honest mistakes in the drafting of pleadings should be allowed correction in the interests of justice. However, the Rules of Civil Procedure were adopted with certain purposes in mind, not the least of which is to make sure that litigation proceeds in an orderly fashion. Essential to that purpose is that parties have the right to know that they have been sued so that they can make appropriate arrangements to defend themselves from the claims.
>
> "In this litigation, that purpose has been frustrated by the actions of the plaintiff. . . . .
>
> "The plaintiff in this case initially chose to name three defendants in the caption, In oral argument, plaintiff conceded that the three named defendants in the caption were not subject to being sued under Kansas law. In the amended petition filed prior to any answers by defendants, plaintiff named the same three defendants. In response to defendants' motions to dismiss, plaintiff filed a motion to amend the pleadings but again did not request permission to amend the caption to name the proper defendants. The court can only conclude that plaintiff has intentionally decided to ignore the mandatory language of 60-210(a) and 60-207."

In summary, given the haphazard handling of this lawsuit by Wilson's counsel, I would find the district court's dismissal of the petition was well within its judicial discretion. In particular, I would conclude this judicial action was not arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *Northern Natural Gas Co.*, 296 Kan. at 935.